ALEXANDER MARTIN v. EDWARD S. HOLMAN ET AL.

Submitted March 26, 1900—Decided June 11, 1900.

The declaration sets out an agreement with the defendants, who were the agents of an insurance company, that they would procure and effect for the plaintiff an insurance in such company on a certain building and personal property. A policy was obtained, and the property being destroyed by fire, the insurance was invalidated by the fact that the land on which the building and contents were situated did not belong to the plaintiff. The declaration alleged that the plaintiff informed the defendants that he was not such owner; that the defendants falsely, fraudulently, knowingly and deceitfully represented to the plaintiff that they had informed the insurance company of the fact that the plaintiff was not the owner of the land, and that the said policy fully protected and insured the plaintiff against all direct loss or damage by fire; that the plaintiff, confiding in these representations, took said policy of insurance from the defendants and paid them the premiums therefor. The declaration then contains an averment that the defendants had not informed the said insurance company that the plaintiff was not the owner, and that the said policy of insurance did not protect and insure the plaintiff as represented. The action is upon contract. *Held*, that these allegations are insufficient to support an action against the agents on contract, such allegations being adapted to an action of tort, and not to an action of contract.

On demurrer to the declaration.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *Allan Benny.*

For the defendants, *Charles J. Roe.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. The plaintiff's action was in form upon contract. The declaration brought out a demurrer by the defendants. It alleges that the plaintiff owned, occupied and used a one-story frame building, erected upon a lot of land in Jersey City owned by one Vreeland, and used and

occupied by the plaintiff under a lease with the said Vree-
land, and that, in addition to the leasehold, the plaintiff was
the owner of certain personal property mentioned in the
declaration. It avers that the defendants were the agents of
the Insurance Company of North America, and that they
agreed with the plaintiff that they would procure and effect
for the plaintiff an insurance by the said Insurance Company
of North America for the term of one year, from the 8th of
June, 1892, on said building and personal property, against
direct loss or damage by fire to an amount not exceeding
$625; that the said defendants did procure from the said in-
surance company a policy of insurance, dated June 8th, 1892,
on the said property for the specified sum, &c., which policy
was delivered to and accepted by the plaintiff. The declara-
tion then avers that the policy issued by the said company
and delivered to the plaintiff provided that the entire policy
should be void if the subject of insurance be a building on
ground not owned by the insured in fee-simple, unless other-
wise provided by agreement endorsed thereon or added thereto;
that on the 13th of April, 1893, the said building and con-
tents were totally destroyed by fire, and that the plaintiff
commenced a suit at law in the Circuit Court of the county
of Hudson against the said insurance company to recover the
amount of said policy of insurance, and the court decided
said suit against the plaintiff and in favor of the defendants
because of the provisions contained in said policy of insurance
and above set forth.

As an action on contract the declaration cannot be sus-
tained. The agreement of the defendants, agents of the said
insurance company, that they would procure for the plaintiff
an insurance in the said company, of which they were the
agents, is without consideration other than that which enured
to the company itself in the payment of the premiums. *Tim-
ken* v. *Tallmadge,* 25 *Vroom* 117, is inapplicable. The rule is
that an agent incurs a personal responsibility where he con-
tracts as agent with no responsible principal to whom resort
can be had. *Booth* ads. *Wonderly,* 7 *Id.* 250, 255. In that case
the persons who consented to act as directors were acting

under an organization of the company which was a fraud, and hence the plaintiff had no responsible principal to resort to. In this case the defendants, according to the allegations in the declaration, had behind them principals who were bound by the policy of insurance that was issued. The injury the plaintiff sustained was in the fact that the policy issued by the company and accepted by him contained a condition which, under the circumstances, invalidated it.

The gist of the plaintiff's complaint, as set out in the declaration, is that the plaintiff informed the defendants that he was not the owner of the land on which said building and contents were situated; that the defendants, before the delivery of the said policy of insurance to the plaintiff, informed the plaintiff that they had notified the said insurance company of the fact that the land upon which said building and contents were situated did not belong to the plaintiff, and that the said policy of insurance fully protected the plaintiff against loss or damage by fire of the property described in the policy; that the statements of the defendants that they had so informed the insurance company were wholly false; that plaintiff is unfamiliar with insurance matters and insurance policies, and that the defendants, to induce the plaintiff to become insured by said Insurance Company of North America and to take out said policy and pay said premium, "falsely, fraudulently, knowingly and deceitfully represented to the plaintiff that they had informed the insurance company of the fact that the plaintiff was not the owner of the land, and that the said policy fully protected and insured the plaintiff against all direct loss or damage by fire," &c.; that the plaintiff, confiding in these representations, believing the same to be true, took said policy of insurance from the defendants and paid them the premium set forth; with an averment that the said representations were false— that the defendants had not informed the said insurance company that the plaintiff was not the owner, as above set forth, and the said policy of insurance did not fully protect and insure the plaintiff as represented by the defendants as aforesaid.

These allegations are adapted to an action of tort, and not to an action on contract.

We have not considered whether the facts upon which this declaration is founded may not be made a cause of action on contract. But on this pleading as drafted the declaration is insufficient to maintain an action *ex contractu.*

The demurrer should be sustained.