Duncan, J.
Heard on demurrer to petition.
This suit is brought to recover an alleged balance of a quantum meruit for certain repairs made by the plaintiffs upon the Crawford school building of this city in the years 1912 and 1913. It is brought against the defendants, members of the board, of education, individually, for the reason stated in the petition that a former suit brought against the board in its official capacity was defeated upon the ground that the clerk of the board did not certify when the contract for said repairs was made that the money required for the payment of the obligation was in the treasury to the credit of the fund from which it was to be drawn, or had been levied and placed on the duplicate and in process of collection and not appropriated for any other purpose. This certificate is made an absolute requirement by Section 5660, General Code, and any contract entered into contrary to the provisions thereof, the next section provides shall be void, except those relating to the employment of teachers, officers and other employees of the board.
Thus failing in their former suit against the board, the plaintiffs bring this suit against the members of the board individually. They say that the board designated Reginald Burket, one of its members, as a committee to look after and care for said Crawford Building and to put the same in a proper state of repair for use as a public school and duly empowered him to cause all proper repairs to be forthwith made theeron, and in pursuance of said authority the said Burket employed them to do said work, and that they did said work amounting to the sum of $373.86, and that no money had been previously appropriated for said purpose, that the members of said board were not authorized to make said contract in their official capacity and that their attempt to thus bind the board was wholly unauthorized and contrary to the statute in such case provided, and they make the claim that by reason of the premises the defendants became personally liable to them. They further say that the board lias paid. $203.06 of the amount out of the public funds, but has since rejected the *541 balance of $170.26, which, they claim with interest thereon from May 20, 1913. A statement of the account with all credits thereon is referred to and is attached to the petition.
Each of the defendants demur to the petition on the ground that it does not state a cause of action against him.
From the allegations of the petition, which I have attempted to make as full as possible without stating the same verbatim, the ease is resolved into the sole proposition as to whether the members of a board of education are personally liable upon a contract for the repair of a public school building intended in all respects as the contract of the board, both by the members and the party doing the work. I would say that they are not. It can not be presumed that a public officer intends to assume the public burdens or that persons dealing with him rely upon his individual responsibility. “On the contrary,” says Judge Story, “the natural presumption in such eases is that the contract was made upon the credit and responsibility of the government itself, as possessing an entire ability to fulfil all its just contracts, far beyond that of any private man; and that it is ready to fulfil them not only with good faith, but with punctilious promptitude, and in a spirit of liberal courtesy.” Of course, he may be held personally liable on a contract made in behalf of the public, if the intent to become liable clearly appears or the officer is guilty of fraud or misrepresentation to the plaintiff’s injury, but neither is alleged in this ease. Mechera, Eublie Officers, Sections 805-812; Mechem, Agency, Sections 426 and 550; Story Agency, Section 302.
Chief Justice Dagget of Connecticut, in the course of his opinion in Perry v. Hyde, 10 Conn., 329, 338, states the rule thus:
“I am aware, that men acting for the public or for others as individuals may bind themselves; but I do not believe, tliat in any ease, persons acting as agents for the public, and known as such, and not making themselves liable by anything amounting to a personal contract, unless there be fraud, misrepresentation or warranty, can ever be rendered personally liable, even if no other person is liable. I think the doctrine of all the cases supports this position. ’ ’
*542 Chief Justice Emmett of Minnesota, in Sanborn v. Neal, 4 Minn., 126, 130 (77 Am. Dec., 502, 506), lays down the rule in this way:
“When public agents, in good faith, contract with parties having full knowledge of the extent of their authority, or who have equal means of knowledge witb themselves, they do not become individually liable, unless the intent to incur a personal responsibility is clearly expressed, although it should be found that through ignorance of the law they may have exceeded their authority. * * * In this as in all other cases, the intention of the parties governs, and when a person, known to be a public officer, contracts with reference to the public matters committed to his charge, he is presumed to act in his official capacity only, although the contract may not in terms allude to the character in which he acts, unless the officer by unmistakable language assumes a personal liability, or is guilty of fraud or misrepresentation. Being a public agent with his powers and duties prescribed by law, the extent of his powers are presumed to be as well known to all with whom he contracts as to himself. When, therefore, there is no want of good faith, a party contracts with such an officer with his eyes open, and has no one to blame if it should afterwards appear that the officer had not the authority which it was supposed he had. Were the rule otherwise, few persons of responsibility would be found willing to servo the public in that large class of offices which requires a sacrifice of time and perhaps money, but affords neither honor nor profit to the incumbent. Where one acts as the agent of a private person, the rule is different.”
To the same effect are McCurdy v. Rogers, 21 Wis., 197; New York, etc., Co. v. Harbison, 16 Fed., 688.
Two eases from New Jersey, Bay v. Cook, 22 N. J. Law, 343, and Timken v. Tallmadge, 54 N. J. Law, 117 (22 Atl., 996), have been cited as holding the contrary doctrine, but these cases are distinguished from the case at bar by the fact that in those cases the officer had no semblance of public authority to make the contract sued on.
But it is contended that if this contract is void because said Section 5660, General Code, was not complied with, that the members of the board of education are liable individually under the provisions of Section 17, General Code. Said section reads as follows:
*543 “An officer or agent of the state or of any county, township or municipal corporation, who is charged or intrusted with the construction, improvement or keeping in repair of a building or work of any kind, or with the management or providing for a public institution, shall make no contract binding or purporting to bind the state, or such county, township, or municipal corporation, to pay any sum of money not previously appropriated for the purpose for which such contract is made, and remaining unexpended and applicable thereto, unless such officer or agent has been duly authorized to make such contract. If such officer or agent makes or participates in making a contract without such appropriation or authority, he shall be personally liable thereon, and the state, county, township or municipal corporation in whose name or behalf the contract was made, shall not be liable thereon.”
It will be observed that the officer or agent who shall become personally liable under the provisions of said Section 17 by making an unauthorized contract is such as may be an officer or agent of the state, county, township of municipal corporation, and that the section does not mention nor extend to an officer or agent of the board of education of a school district.
This section was enacted in 1857 (54 O. L., 77). Said Section 5660 was enacted in 1896 (92 O. L., 341). It was only by virtue of the non-compliance with the provisions of the latter section that the plaintiff failed in his former ease. Prior to the enactment of said section the board of education would have been liable under the facts alleged. But said Section 17 is not broad enough, nor was it intended when enacted to include the officers or agents of a board of education. The intention of the Legislature is manifest by the reading of the original section as it appears in the yearbook. It has not been amended since in any way. It has gone through two general revisions of the statutes, one in 1880 and the other in 1910. The phraseology of the section was changed a little by the codification of 1880, but not by the codification of 1910. Wherever the words “municipal corporation ’ ’ appear as the section now reads, the words “city or incorporated village” were used in the original section, changed by the codification of 1880. But this, I claim, does not change its meaning. A board of education is not a *544 municipal corporation, nor was it the intention to include it by this change of words. This would seem to be conclusive as the enactment of said Section 5660 was not even in prospect [at that time. Besides, the act authorizing the appointment of the codifying commission (72 O. L., 87), too long to quote here, authorized no changes in the statutes except, in phraseology, to make them more concise and comprehensive, but without changing their meaning.
After quoting from the language of the act, Judge Bradbury, laying down the rule in Collins v. Millen, 57 Ohio St., 289, uses this language at page 296, viz:
“This authority was broad enough to warrant changes of phraseology, and in fact, expressly authorized it, but the power to alter the meaning of the statutes by the insertion of qualifying clauses does not appear. The statutes as revised by the commission appointed for that purpose, were, when reported to the General Assembly' passed by that body with such amendments as it chose to make. It is quite reasonable to infer, as we have before shown that this court has done, that mere changes of phraseology made by the commission and adopted by the General Assembly, do not change the meaning previously borne by .all statutes, unless the difference between the language of the two statutes evinces an intent to do so.”
See also, State v. County Comrs., 36 Ohio St., 326, 330; State v. Stockley, 45 Ohio St., 304, 308; State v. Stout, 49 Ohio St., 270, 284.
Applying this rule as well as my general understanding to determine the meaning of the words “municipal corporation,” and being of the opinion that it does not include the board of education as used in said Section 17, there is nothing left upon which to base the contention that the officer or agent of the board of education can become personally liable under the provisions of said section.
Holding these views, the demurrer to the petition will be sustained.