## SUSANNAH WEED'S APPEAL FROM PROBATE.

An act passed in 1868 provided, in the first section, that a separate docket should be kept in the Superior Court for jury cases, and that in all causes proper to be tried to a jury but not entered in the jury docket during the first two terms the issue should be closed to the court. A second section provided that *in all cases then pending in court* either party might put the case on the jury docket during the next following term. Held that the term " all cases " was qualified by the clause " proper to be tried to a jury " in the first section, and that an appeal from a decree of a probate court appointing a conservator, which was then pending, was not entitled to be placed on the jury docket.

The statute which provides for the trial of such appeals by the court and not by the jury, is not unconstitutional.

The question which party shall go forward in the trial or argument of a case is one of discretion with the court, and a ruling upon it is not a subject of error.

APPEAL from a decree of a probate court appointing a conservator over the appellant. The case was tried in the Superior Court before *Minor, J.*, and the decree of the probate court reversed. The appellee filed a bill of exceptions and brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*Taylor* and *Sanford*, for the plaintiff in error.

*Averill* and *White*, for the defendant in error.

PARK, J. The appellee insists, that the statute of 1868 gave him the right to a jury trial of this case.* An examination of the statute clearly shows that it was designed to regulate civil actions, as its name imports. It repeals the one hundred and twenty seventh section of the act to which it is made an addition. The act repealed was passed to regulate jury trials, and was intended to prevent the great delay of justice from the entering of causes upon the jury list for the purpose of postponing trials. The present act was passed for a similar purpose. It repeals the obnoxious features of the old law, and substitutes itself in its place. It obviously was not its purpose to extend the right of trial by jury, but to limit such trials to cases where one or both of

---

* The statute referred to was passed July 27, 1868, and is as follows:—

" Sec. 1. In the Superior Court in each county a separate docket shall be kept of jury cases, and no cause shall be entered upon said docket unless the plaintiff or defendant shall, during the first two terms, have the cause so entered; provided, that all causes either now pending or hereafter to be brought may be entered thereon at any time by consent of parties, or by order of the court for cause shown. In causes proper to be tried by a jury, but not entered on the jury docket as aforesaid, and not otherwise disposed of, the issue shall be closed to the court.

" Sec. 2. In all cases now pending in the Superior Court, either party may cause such case to be placed upon said jury docket during the next term of the Superior Court before which such suit shall be pending, and not afterwards, except as is provided in the preceding section.

" Sec. 3. The one hundred and twenty-seventh section of the act to which this act is an addition, is hereby repealed."

the parties honestly desire to try their causes to the jury. The first section of the act has reference to all causes then pending and thereafter to be brought, while the second section is made to apply only to actions then pending. Its language is, " In all cases now pending in the Superior Court, either party may cause such case to be placed upon said jury docket during the next term of the Superior Court before which such suit shall be pending, and not afterwards, except as is provided in the preceding section." The appellee insists that " all cases " includes all proceedings where a trial is to be had of matters affirmed upon the one side and denied upon the other. Before we can believe that the legislature intended to make so radical a change in a mode of trials as old as the state itself, it must clearly appear that the language will admit of no other reasonable construction. The language applies to cases " *then pending,* " and has no reference to those thereafter to be brought. Can it be supposed that the Legislature intended to make a distinction between the two classes of cases, and that all proceedings in one class should be tried to the jury, but in the other should be left to the old forms of trial ? The plain interpretation of the act requires us to understand by " all cases pending, &c. " all cases proper to be tried by a jury. The preceding section is qualified by this precise phrase. That section applies to cases then pending, as well as to those thereafter to be brought, and hence virtually declares there were cases among those then pending, and would be among those that might thereafter be brought, that were not, and would not be, proper cases for jury trials. Hence the plaintiff's construction of the second section cannot be correct, for the two sections must be construed together, and inasmuch as they refer to the same cases, and one of them limits the right of trial by jury to those cases proper to be so tried, so must the other. Again, it is obvious that the whole object of the second section was to limit a time in which either party should have the right to enter those cases then pending, and proper to be tried by a jury, upon the jury docket of the Superior Court. The first section made all the alteration in

the law that was deemed necessary, and the second section was intended merely to limit the application of the first section, (so far as it applied to cases then pending,) to the next term of the Superior Court.

The appellee further claims that the statute which requires that all appeals from courts of probate to the Superior Court shall be tried by the court, or by a committee appointed for the purpose, except when the validity of wills shall be brought in question, is unconstitutional, on the ground that it impairs the right of trial by jury. We do not propose to go into any constitutional argument in support of the law, for the statute in question is an ancient one, and has never before been called in question to our knowledge.

If it is unconstitutional it is strange indeed that it has not been discovered, considering the large number of appeals from courts of probate that have been constantly tried in all the Superior Courts of the state ever since the act was passed.

The appellee further claims that the court erred in denying him the right to go forward in the trial, and to open and close the argument. But the court had the right to exercise its discretion in this respect. Which party should go forward depends very much upon which side has the affirmative of the questions to be tried. Matters of discretion are never the subject of error. *Doane* v. *Cummins,* 11 Conn., 152; *Comstock* v. *Hadlyme Ecclesiastical So.*, 8 Conn., 254.

There is no error in the judgment complained of.

In this opinion the other judges concurred.