## The Town of Evans

*v.*

### Beula C. Dickey, Exrx.

*Filed at Ottawa June 12, 1886.*

1. EVIDENCE—*conclusion of witness instead of giving facts.* In a suit by an attorney against a town to recover for legal services in defending a suit, he testified, over the objection of the defendant, that about a certain time he was employed in the suit, but that he could not recollect the particular mode of employment, and that he never thrust himself into the defence of a suit in which he did not believe he was employed: *Held*, that the admission of such statements was manifest error, and that in no event could he be permitted to state his conclusion as to being employed. He should state only the facts relating to his retainer.

2. INSTRUCTION—*assuming disputed facts, and selecting out facts on one side only.* An instruction which is a summary of the principal facts claimed to be proved by the plaintiff, and the conclusion to be drawn from such facts as a matter of law, and which also assumes as facts matters of serious contention, and leaving out of consideration the defence insisted on, is manifestly erroneous.

3. APPEAL—*reviewing facts.* It is only the findings by the Appellate Court of controverted questions of fact, that are conclusive upon this court. The findings of the trial courts in cases which, for any reason, come directly to this court, are not conclusive.

APPEAL from the Circuit Court of Marshall county; the Hon. John Burns, Judge, presiding.

Mr. W. Evans, and Messrs. Mayo & Widmer, for the appellant.

Messrs. Richolson & Gentleman, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by T. Lyle Dickey, since deceased, against the town of Evans, to recover for professional services as an attorney, rendered for and on behalf of the town, in suits brought against defendant in the Circuit Court of the United States and also for services rendered in the Supreme Court of the United States. Most of the questions made and discussed as arising upon the present record, have been considered and determined by this court in its opinion in the case of *Town of Bruce* v. *Dickey,* 116 Ill. 527, and it will only be necessary to refer to the opinion in that case for an expression of the views of this court upon all analogous questions involved in the case being considered. Only two questions not disposed of by the reasoning in the opinion in the case cited, remain to be considered. All others of sufficient importance to be remarked upon, it is thought are settled by the decision in the former case.

On the trial, plaintiff was permitted, over the objection of defendant, to state in his testimony given in his own behalf, that "some time in the fall,—the latter part of November, or early in December, 1874,—I was employed by the town of Evans in relation to a suit brought by Sanborn against the town, in the Circuit Court of the United States, at Chicago. I don't recollect the particular mode of my employment,— whether the employment began by a copy of the summons being sent to me by the supervisor of the town, or whether my attention was called to the subject in behalf of the town by Mr. Jones of Ottawa; but I do remember the fact that I was in the case, and I know I never thrust myself into the defence of a case in which I did not believe I was employed." The admission of these statements of plaintiff was manifest error. Whether plaintiff had been employed by the town to defend suits brought against it, is a question of fact, and it was highly improper to permit plaintiff, as witness for himself, to state that he had been "employed by the town," and that

he never thrust himself "into the defence of a case" in which "he did not believe" he "was employed." So far as the employment of plaintiff by the town was a question of fact, it was within the province of the jury to determine; but so far as any question of law was involved, of course it was for the court. In no event could plaintiff be permitted to state his conclusion as to whether he had been employed by the town. He could only be permitted to state the facts as he understood them, and his version of the facts, in connection with other testimony in the case, would be submitted to the jury to find whether there had been in fact any employment of plaintiff by the town, under proper instruction from the court as to the law applicable.

The giving of the sixth instruction for plaintiff, as was done, was also error. It was faulty for several reasons. It is a mere summary of the principal facts, as plaintiff insisted they were, and the conclusion to be drawn from such facts, stated by the court as a matter of law. That mode of instructing is little less than the decision of the whole case by the court, and the practical effect is to withdraw the case from the jury. It might as well have been withdrawn from the jury in terms, so far as anything was left for their decision. But a more serious objection appears on a close reading of the instruction. It is seen it assumes as facts matters that are and were the subject of serious contention between the parties. This is not allowable, and is a most hurtful mode of instructing the jury. Aside from this, another most serious error exists in this instruction. It excludes from the consideration of the jury, by its summary of alleged facts, the defence insisted upon, which certainly has some testimony in its support,—that is, that Mr. Jones was the attorney employed by the town to conduct the defence of the suits brought against it, and that what the plaintiff did was at the instance of Jones, and by his procurement. How this fact may be, of course this court will not now express any opinion.

It may be proper, however, to say, the position taken by counsel for plaintiff that the question of fact as to the employment of plaintiff is not open for review in this court, can not be conceded. The practice is otherwise. It is only the findings by the Appellate Courts of controverted questions of fact that are conclusive upon the court. Not so as to the findings of the trial courts in cases which, for any reason, come directly to this court. This case did not come to this court from any Appellate Court, and hence there is no finding of controverted questions of fact that is conclusive upon this court.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*