GEORGE Y. YOUNG & ANOTHER *vs.* THE NEWARK FIRE INSURANCE COMPANY.

Hartford Dist., March T., 1890. ANDREWS, C. J.. CARPENTER, TORRANCE, FENN and THAYER, Js.

In a suit against a fire insurance company upon a policy issued to the plaintiffs, the defendants in their answer admitted all the facts alleged in the complaint, and averred in defence that the policy was issued by their agent upon a condition that it should not be in force until approved at the home office, and that it was at once disapproved by them and notice given the plaintiffs and a return of the policy demanded. Held that such a defence could not have been proved under either a general or special denial of the complaint, and needed to be specially alleged ; and that therefore the defendants were entitled to go forward with their evidence and to open and close the argument.

How far a ruling denying the defendants' right in such a case to go forward is a matter within the discretion of the court and so not open to revision on error; and if it be so, whether the court may not review the ruling in an extreme case: *Quære.*

Where the question was whether *A*, who procured a policy of insurance for the plaintiffs, was at the time the agent of the plaintiffs or of the insurance company, his testimony that he "acted as agent of the insurance company" was held inadmissible. Whether he was such an agent would be a conclusion of law upon the facts, and he could testify only to the facts and not to his conclusion from them.

While notice of the cancellation of a policy of insurance may be given to the agent of the insured, yet it is not enough to give such notice to a person who acted as his agent merely in procuring the policy, since his agency would have ceased when the policy was delivered.

But the case is different where a policy is delivered upon condition of its approval by the insurance company and is not to take effect until so approved. Here the agent who procured the policy has not yet ceased to be the agent of the insured, since the policy is not yet absolutely delivered, and a notice by the insurance company to the agent that it does not approve the policy, will be notice to the insured.

If a policy delivered on such a condition is to be regarded as having become binding by the neglect of the insurance company to give notice either of its approval or disapproval, it becomes so not because approval is not necessary, but because the approval is in the circumstances presumed.

[Argued March 12th—decided April 15th, 1890.]

ACTION upon a policy of fire insurance; brought to the Superior Court in Tolland County, and tried to the jury before *Sanford, J.* Verdict for the plaintiffs, and appeal by the defendants. The case is fully stated in the opinion.

*C. E. Perkins* and *A. Perkins*, for the appellant, cited as to the right of the defendant to go forward upon the trial below, Rules under Practice Act, ch. 3, sec. 4; Gen. Statutes, § 772; *Elwell* v. *Chamberlin,* 31 N. York, 611; *Davis* v. *Mason,* 4 Pick., 156. And as to the conditional delivery of the policy and the agency of the brokers who procured it, *Grace* v. *Am. Central Ins. Co.,* 109 U. S. R., 278, 281; *Hermann* v. *Niagara Fire Ins. Co.,* 100 N. York, 411, 416; *Harnickel* v. *N. York Life Ins. Co.,* 111 id., 390, 398; *Shepard* v. *Hall,* 1 Conn., 494; *Pym* v. *Campbell,* 6 El. & Bl., 370.

*A. P. Hyde* and *F. E. Hyde,* for the appellees.

1. The matters set up in defense were in effect a denial of the most material allegation of the complaint, and the court ruled correctly that the defendant had not the right to go forward; but if the court erred the matter was one of discretion that could not be reviewed on error. *Chapman* v. *Loomis,* 36 Conn., 459.

2. The testimony of Frazier was admissible that he was acting as agent of the defendant, especially to rebut the evidence that had been offered that he was not so acting.

3. Webster & Co. were agents of the assured only in the procurement of the policy, and notice to them that the defendant did not approve the policy was not sufficient, their agency ceasing with the delivery of the policy. *White* v. *Conn. Fire Ins. Co.*, 120 Mass., 330; *Mutual Assn. So.* v. *Scottish Union & Nat. Ins. Co.*, 84 Virg., 116; *Hermann* v. *Niagara Fire Ins. Co.*, 100 N. York, 411, 415; *Grace* v. *Am. Central Ins. Co.*, 109 U. S. R., 278, 281; *Adams* v. *Manufacturers' & Builders' Ins Co.*, 12 Ins. Law Journal, 787.

4. The policy had become a valid and binding one by the neglect of the insurance company to give notice of its disapproval. The policy having been delivered to the plaintiffs by the agent of the defendant, and the premium having been paid therefor, it is clear that the plaintiffs had a right to assume that it was a valid one, even if charged with notice of the agreement with their claimed agent, Webster & Co., after a reasonable time had elapsed for the company to notify them if the risk was not accepted. In other words, the retention of the premium and the allowing the plaintiffs to retain the policy down to the time of the fire, without any notice that the policy was not approved by the home company, rendered the policy a valid policy in the hands of the insured.

FENN, J. This is an action brought to recover upon a fire insurance policy on a stock of merchandise. The complaint alleged the plaintiffs' ownership; the execution of the policy by the defendant in consideration of a premium paid; a fire; the filing of proof of loss; and that the defendant had failed to pay. The answer is as follows:—

" The defendant admits all the allegations contained in the plaintiffs' complaint.

" *First Defense.* On the ninth day of March, 1888, the plaintiffs applied to an agent of the defendant, at Hartford, Connecticut, for insurance on the property described in said

policy, and said agent thereupon executed and delivered the said policy to the plaintiffs, upon the condition that said policy should not become effective and in force until it was approved by the proper officers of said company at the home office thereof, at Newark, New Jersey, and said policy was received on said condition ; afterwards, on the 13th day of March, 1888, the said officers, at the home office, refused to approve said issue of said policy, and the said agent of the defendant so notified the plaintiffs, and notified them that said policy was null and void, and demanded the return of the same, which was refused."

There was a further defense, but it was afterwards abandoned. The plaintiffs' reply denied the allegation of the first defense, thus forming a single and distinct issue. The case was tried to a jury, which returned a verdict for the plaintiffs, and from the judgment rendered thereon the defendant appeals.

The defendant on the trial, upon the pleadings, claimed the right to begin, and to open and close the argument. The court overruled this claim, and permitted the plaintiffs to go forward in evidence and argument. Of this the defendant complains, and not without good reason as we think.

The court charged the jury " that all the allegations of the complaint were admitted by the pleadings, and that the burden of proof was upon the defendant to make out its defense by a preponderance of evidence." This the defendant admitted and claimed, and it is undoubtedly correct and in plain conformity with the provisions of section 6, part 3, of the Rules under the Practice Act, on page 16 of the volume containing the act, by which it clearly appears that such a defense as the defendant interposed could not have been proved under either a general or special denial of the complaint, but required to be specially alleged. That notwithstanding this the court should have denied the defendant the right claimed appears to us to have been in direct contravention of section 3 of part 3 of the General Rules of Practice, which provides that " the counsel in support of the affirmative of an issue of fact will be entitled to begin the

trial, and to open and close the argument." But, although
the provisions of General Statutes, § 772, give to such rules
the force of statutes, yet, as this court in *Scott* v. *Hull*, 8
Conn., 303, and *Weed's Appeal from Probate*, 35 Conn., 455,
has treated this matter as one resting exclusively in the dis-
cretion of the trial court, for which error will not lie, and as
a new trial must be granted in this case for other and more
important reasons, we prefer not to determine now whether
this has ceased to be a pure matter of discretion, or whether,
if it remains such, there is not a limit, the transgression of
which would justify the interposition of this court. We
cannot conceive that, upon a new trial of this issue, the
court below will again refuse the defendant a privilege to
which we think he is so manifestly entitled.

The policy described in the complaint contained this pro-
vision, being paragraph 5, section 1 :—" If any broker, or
other person than the assured, have procured this policy, or
any renewal thereof, or any indorsement thereon, he shall
be deemed to be the agent of the assured, and not of this
company, in any transaction relating to the insurance." The
defendant, as the record states, " offered evidence to prove
that one Frazier, a member of the firm of Webster & Co.,
who were general insurance agents in Hartford, applied to
one Dillingham, who was the general agent of the defend-
ant in Connecticut, to procure the policy in question for the
plaintiffs, and that it was agreed between Dillingham and
Frazier that the policy should not take effect and be a bind-
ing policy until the risk was accepted at the home office of
the defendant in Newark, New Jersey, and that the policy
was delivered upon such condition ; that the defendant com-
pany refused to accept the risk, and that notice thereof was
given to Webster & Co. within a few days after the date of
the policy, and that they were requested to re-deliver the
policy to Dillingham, as never having become binding; and
the defendant claimed that, by force of that provision in the
policy, Webster & Co. and Frazier, in applying to Dilling-
ham to write the policy, were the agents of the plaintiffs,
and that any agreement made with them by Dillingham in

relation to the delivery of the policy, and as to when it should become a valid and binding policy, was binding upon the plaintiffs. The plaintiffs in reply offered evidence to prove that no such agreement was ever made, and that they had no knowledge of any claim that the policy was not valid until long after the fire took place." The plaintiffs further claimed that, upon the law and facts, Webster & Co. and Frazier were not their agents, but should be considered as agents of the defendant, and in support of this claim the plaintiffs offered the deposition of Frazier, in which the following question and answer, which were objected to by the defendant, were contained :—*Question.* " In placing these policies, did you act as agent of George Y. Young & Co., or as the agent of Dillingham or the companies he represented ? " *Answer.* " We acted as the agent of the insurance companies, and George Y. Young & Co. were no wiser as to whether these companies were represented by us or not. They did not know any more about it than you did."

As it was not claimed that the plaintiffs personally knew of the condition upon which, as it was alleged, the policy was delivered, or that notice that the defendant company declined to accept the risk ever actually reached them, the question whether Frazier was the agent of the plaintiffs or of the defendant became vital. This was a question of law, depending on the facts in the case, and the answer made by Frazier, so far as it was responsive, undertook to state no facts, but only the conclusion of the witness. This was clearly inadmissible.

But the most important question concerns the construction and effect of the clause referred to in the policy. Upon this point the defendant requested the court to charge the jury as follows :—

" 1. Under paragraph 5, section 1, of the policy, if the jury find that Webster & Co. procured this policy from Dillingham for the plaintiffs, then Webster & Co. were the agents of the plaintiffs and not of the defendant, and their acts and knowledge were the acts and knowledge of the plaintiffs in relation to this policy.

" 2. If the jury find that the policy was delivered to Webster & Co. upon condition that it was not to take effect until approved by the company, or subject to the approval of the company, and on March 13th the company refused to approve it, the policy never became a valid contract, and the jury must find a verdict for the defendant."

The court did not so charge the jury, but instructed them, upon this subject, in these words :—

" If the law is, as I understand it to be, that, in order to a rescission of the contract, notice by the defendant to Webster & Co. alone would be insufficient, but that such notice must be given to the assured, I know not why, on principle, it was not just as obligatory upon the defendant to advise the plaintiffs, the assured, that they did not consider the policy good and valid upon its delivery, and this upon the theory that the agency of Webster & Co. ceased upon the delivery of the policy. Such notice was confessedly not given the plaintiffs, the insured.

" If you find that Webster & Co., when they procured the policy from Dillingham, were not acting as the agents of the plaintiffs, then no agreement or understanding between Dillingham and Webster & Co. which was not communicated to or known by the plaintiffs, can in any way affect the right of the plaintiffs to recover on the policy according to its terms."

We will assume that the admission of counsel for the plaintiffs, contained in their brief, states the law correctly as follows:—" Courts have held that by the acceptance of a policy of insurance by one insured, in which is contained a provision such as is contained in this policy, a broker or other person having procured the policy should be deemed the agent of the assured. But such a provision is limited to the acts of the broker or other person in obtaining the insurance policy, and terminates upon the delivery of the policy to the assured; it does not extend to any matters which may arise between the assured and the insurer after the policy has been so delivered; but after the policy has been once delivered to the insured the agency so provided

for in the policy has terminated, and all future dealings in relation to the policy must be between the insured and the insurer, to have any validity." Such being the established doctrine, the plaintiffs' counsel further contend that "the policy having been delivered and paid for, must be held to have become a valid policy, unless within a reasonable time notice was given to the insured that the home company refused to approve it;" and they add that "the same rule which would require notice of the cancellation of a policy, after it had been obtained by an agent of the insured and delivered to the insured, would clearly require a notice of such a rejection." And thus, most ingeniously, the charge of the court to the jury is supported.

If however the failure of the company within a reasonable time to give notice of approval or disapproval, would render the policy valid in the hands of the insured, (concerning which we express no opinion,) it is not because the policy becomes binding without approval, contrary to the express condition, but because such approval would be presumed, and therefore the policy becomes effectual as of the date when such presumption attaches, a reasonable time having then elapsed, precisely as if notice of such approval had then been received. The delivery, before that time conditional and inchoate, then, and not until then, becomes absolute and complete, and the broker then, and not before, ceases by reason of such perfected delivery to be the agent of the insured. Until such reasonable time has elapsed, being the agent of the insured, notice to him of a declination to accept must be held notice to his principal. While it is therefore true, that, "in order to a rescission of the contract, notice by the defendant to Webster & Co. alone would be insufficient, but such notice must be given to the insured," it does not follow, as the court assumed, that on principle it was just as obligatory that the plaintiffs should have had personal notice of the declination to accept, since in the one case, the policy having been delivered as a present and valid contract, the agency ended, and in the other, the policy not having been so delivered, the agency continued.

The plaintiffs however say that if the writing was never executed and delivered as a valid policy, the receipt of it by the plaintiffs could not bind them to its terms any more than the defendant, and the clause in question has no effect. But if it was delivered as a binding contract the defendant was bound by it, and could not by parol vary or contradict its express provisions. Without pausing to consider the stupendous and far-reaching import of such reasoning, if well-grounded, we will say that no claim has been made that the plaintiffs are bound by the terms of the policy more than the defendant. It is claimed not to have been delivered as a binding policy, and that therefore neither party is bound by it, but that the plaintiffs cannot enforce the conditions, favorable to them, of a contract wherein it is expressly stipulated that certain persons should be deemed their agents, provided it is necessary for the plaintiffs to avoid such stipulation in order for such enforcement.

In *McFarland* v. *Sikes*, 54 Conn. R., 251, this court, referring to the rule that parol evidence is inadmissible to contradict or vary a written contract, said :—" A written contract must be in force as a binding obligation to make it subject to this rule. Such a contract cannot become a binding obligation until it has been delivered. Its delivery may be absolute or conditional. If the latter, then it does not become a binding obligation until the condition upon which its delivery depends has been fulfilled. If the payee of a note has it in his possession, that fact would be *primâ facie* evidence that it had been delivered ; but it would be only *primâ facie* evidence. The fact could be shown to be otherwise, and by parol evidence."

This language, and other expressions of the court in the opinion, and the cases therein cited, are fully applicable to the case before us.

We think the instructions asked for in the requests cited should have been given to the jury, and that the charge made was erroneous. A new trial is therefore granted.

In this opinion the other judges concurred.