W. S. McCORNICK, Doing Business as McCORNICK &
COMPANY, Appellants, v. QUEEN OF SHEBA
GOLD MINING AND MILLING COMPANY, Re-
spondent.

AGENCY—HOW PROVED—WITNESS MAY NOT STATE OPINION OR CONCLU-
SION—EVIDENCE IN SUPPORT OF AGENCY—UNDISPUTED AGENCY,
QUESTION OF LAW—UNDER CONFLICTING EVIDENCE—MIXED QUESTION
OF LAW AND FACT—FOR JURY UNDER INSTRUCTIONS—PARTICULAR
EVIDENCE OF AGENCY—WHAT ADMISSIBLE—INSTRUCTIONS—ENTIRE
CHARGE FAIRLY STATING LAW—CHARGE SUFFICIENT.

1. AGENCY: HOW PROVED: WITNESS MAY NOT STATE OPINION OR CONCLU-
SION. Where agency is the question directly involved in a case, the
reputed agent as witness may not give his opinion or state his con-
clusion as to such agency, but may state the facts and circumstances
concerning the various transactions between him and the alleged
principals, leaving the court and jury to determine, under the facts
disclosed, whether or not he was such agent.

2. EVIDENCE: IN SUPPORT OF AGENCY: UNDISPUTED: AGENCY, QUESTION
OF LAW: UNDER CONFLICTING EVIDENCE: MIXED QUESTION OF LAW
AND FACT: FOR JURY UNDER INSTRUCTIONS. Where evidence in sup-
port of a particular agency, is undisputed, the question of whether
or not the agency exists is one of law for the court, but where such
evidence is disputed, the existence of the agency becomes a mixed
question of law and fact and is one for the jury to determine under
proper instructions from the court.

3. PARTICULAR EVIDENCE OF AGENCY: WHAT ADMISSIBLE. H. was oper-
ing the mine of defendant, for an English company having a lease and
bond on certain property and in possession during the life of the bond,
and while so acting created an overdraft in the name of the company.
The question being whether the credit was extended to the lessors or
lessee, letters, reports or statements, sent during the lease by H. to
his foreign corporation, and the escrow papers including the contract
of sale and lease were competent evidence, admissible, and for the
jury to say how weighty, in determination of the question of agency.

McCornick v. Mining and Milling Co.

4. INSTRUCTIONS: ENTIRE CHARGE FAIRLY STATING LAW: CHARGE SUFFI-
CIENT. Where the entire charge of the trial court fairly states the
law applicable to the case, the judgment will not be reversed because
a portion of the charge omits one element which might have been
stated to the jury.

Decided December 13, 1900.

Appeal from the Third District Court, Salt Lake County.—
*Hon. A. N. Cherry,* Judge.

Action by plaintiff to recover of defendant a certain
amount alleged to be due him on account of an overdraft of de-
fendant at his bank. From a judgment for defendant plain-
tiff appealed.

AFFIRMED.

*Messrs. Pierce, Critchlow & Barrette* for appellant.

The appointment of an agent and his authority may be
proved by the agent's testimony.

The testimony of an agent on the question of his agency,
is as competent as that of any other witness. R. S. Utah,
secs. 3412, 3413.

The court admitted in evidence a large number of letters
and statements, which Geo. D. Haven sent to the English com-
pany and associates. Mr. McCornick knew absolutely nothing
of these exhibits. It is not claimed that he had any knowledge
of them. The contents of these letters was very prejudicial to
the plaintiff, and had a tendency to draw the mind of the jury
from the issues in the case. These letters were all written long
after the account was opened. They are immaterial and hear-
say under the rule laid down in the case of Jensen v. McCor-
nick, 58 Pac. 834.

By an examination of the bond as introduced in evidence it will be seen that it was an agreement whereby the witness, George D. Haven, binds himself to deliver to M. K. Rodgers a deed to all the defendant company's property, upon the payment of certain sums therein mentioned. We think this exhibit was absolutely immaterial and hearsay, so far as McCornick was concerned. We can not possibly see what bearing it has upon the issues in this case. It was certainly confusing to the jury, and tended to draw their minds from the vital issues in the case. Jensen v. McCornick, 58 Pac. 834.

*Messrs. Marshall, Royle & Hempstead* for respondent.

The reports were admissible on cross-examination, because they were statements in writing by the witness at another time contradicting his testimony on direct examination. See Greenleaf on Evidence (15 Ed.), sec. 462.

The authorities hold without dissent that a depositary, such as McCornick was, is the agent of both parties, to the agreement, and when he assumes the trust he is bound to ascertain the extent of his own agency. See Shirley v. Ayres, 14 Ohio 308; Cannon v. Handley, 72 Cal. 140.

In conclusion, we rely upon the salutary legal principle repeatedly enunciated by this court, that the Supreme Court will not set aside a verdict when the evidence is conflicting, unless such verdict be so manifestly against the weight of the evidence as to show that the jury acted from passion or prejudice. Mader v. Taylor, Romney & Armstrong, 15 Utah 161.

BARTCH, C. J.—The plaintiff, who is a banker, brought this action to recover $2,673.48 and interest, alleged to be due him from the defendant because of an overdraft at his bank. At the trial a verdict was returned and judgment entered against him. This appeal is from the judgment.

It appears from the evidence that the defendant was a mining corporation, and owned a group of mining claims in western Utah; that one George D. Haven, a mining man of experience and means, in the early part of 1896, went to England for the purpose of interesting English capitalists in mining property situate in this State; that before his departure, Haven, who held a few shares of stock and was a director in the defendant company, was authorized, by special power of attorney, to sell the corporate property; that he did not dispose of the property, under these powers, but, while in England, succeeded in interesting some friends in the enterprise. These Englishmen and Haven organized, it appears, the Clifton Utah Mining Company (Limited), at London, England, and Haven became one-ninth owner therein; that upon his return from England, the English and defendant companies entered into an agreement, bond and lease, as to the defendant's mining property, under the terms of which, among other things, the possession of the property was turned over to the English company, and the company, within two years from April 14, 1896, was to spend 1,500 pounds sterling in developing the property, building mills, etc., and was to have the right, at any time within the two years to purchase the property at a certain price fixed, or in the event the purchasing company did not exercise its option to purchase, then it was to have a certain number of shares of the defendant company's stock in return for the expenditure of the 1,500 pounds for development work; and that the documents relating to this lease and option to purchase were deposited in escrow with the banking house of the plaintiff, with an indorsement on the envelope, as follows:

"The within deed of the Queen of Sheba G. M. & M. Co., a corporation, to Alfred Stebbing, and 25,000 shares of the

capital stock of said company, indorsed in blank by George D. Haven, are hereby placed in the hands of McCornick & Co., bankers, of Salt Lake City, Utah, and they are instructed to deliver said deed and shares of stock to said Stebbing, or order, upon a compliance with the terms of a certain contract this day entered into by and between said company and said Stebbing, for the purchase of the property described in said deed and contract, and a failure to comply with the terms of said contract upon demand of said company said deed shall be delivered by McCornick & Co. to it.

"THE QUEEN OF SHEBA G. M. & M. Co.,
"T. C. ROOKLIDGE," President.

Upon the mining property being turned over to the purchasing company, Haven became the manager thereof, and that company from time to time forwarded to him the money for development work, required by the terms of the contract, and Haven thenceforth made his reports concerning the enterprise and development and expenditures to the English company. The defendant ceased doing business during the term of the lease. After assuming the duties of manager, and money coming into his hands from the English company, he opened an account with the plaintiff's bank in the name of the "Queen of Sheba Mining Company," and the account was so continued until it finally resulted in the overdraft, for which the plaintiff is seeking to hold the defendant company responsible. Haven also deposited to his individual account, on December 23, 1897, with McCornick & Company, $16,000, which it appears, is the same date on which the overdraft was commenced to be made. The evidence further shows that the defendant company never kept an account with the plaintiff's bank; nor is there anything to show that the defendant company authorized by resolution or otherwise instructed Haven to open

an account with that bank, or ratified his action in the premises.

Under the evidence, the principal question appears to be whether Haven was, during the term of the lease, acting as manager or agent of the lessor, or of the lessee. At the trial, sworn as a witness in behalf of plaintiff, he was asked: "Were you manager of this English company (the Clifton Utah Company) or for any of the gentlemen referred to?" To this question the defendant interposed an objection as being improper to establish agency by such evidence, and the court sustained the objection, stating that a man cannot prove his agency by his own statements. The action of the court in the premises has been assigned as error, and it is now insisted that it was prejudicial to the rights of the appellant. We think not. Whether or not the court assigned a correct reason for sustaining the objection, the question, under the circumstances of the case, was objectionable. It was in effect the same as asking the witness whether he was the agent of the English company, which, as we have seen, was one of the main issues in the case to be determined by the court and jury, from all the facts and circumstances shown by the evidence. Whether he was an agent was a mixed question of law and fact, and not one upon which the witness could properly give his opinion. The general rule is that witnesses must testify to facts and not to conclusions. It was competent for the witness to state all the facts, and show all the circumstances, relating to or concerning the various transactions which he had with either or both companies prior and leading up to, and during the term of the lease, and at the time when the overdraft sued for was contracted, and then from such facts and circumstances, and the other evidence, it was the province of the court and jury to determine whether, in such transactions and at such time, he was the agent of or was acting for the English or the defendant com-

McCornick v. Mining and Milling Co.

pany. Where the question of agency is, as in this case, made a principal issue at the trial of the cause, it is not competent for a witness to express an opinion upon such question.

The authorities which the appellant cited are not in point here. They merely declare the general principles that an agent is a competent witness to prove the nature and extent of his authority, and to testify to facts and circumstances tending to establish the relationship of principal and agent. Mechem on Agency, sec. 102; 1 Am. and Eng. Ency. of Law (2 Ed.), 969.

Where, in such case, the evidence in support of the agency for a particular concern, is undisputed, the question whether or not the agency exists is one of law for the court, but where, as in the case at bar, such evidence is disputed, the existence of the agency becomes a mixed question of law and fact, and is one for the jury to determine, under proper instructions from the court. Mechem on Agency, sec. 106; 1 Am. and Eng. Ency. of Law (2 Ed.), 967.

Nor, under the facts and circumstances, do we think that the court erred in admitting in evidence the letters, reports or statements which Haven, as manager, sent the English company, showing the progress of his work at the mines in question, and his receipts and expenditures as manager. Such documents prepared and sent during the term of the lease were proper for the jury to consider in determining whether or not Haven was acting for the English company, when he overdrew the account at the bank. Nor did the court err, as claimed by the appellant, in admitting in evidence the bond and lease and other papers, which had been placed in escrow in the appellant's bank. The jury were required to determine who was operating the mine during the time of the overdraft and as to whether or not the appellant had extended credit to the lessor or the lessee of the property. The witness Haven had testified that

all the money overdrawn was expended in developing the mine.
The escrow papers included the contract between the lessor
and lessee, and constituted evidence showing that the English
company had the right of possession of the property; that it was
its duty to develop it and furnish the funds therefor; and that,
the documents having been deposited with the banking house
of the appellant, he was chargeable with notice of their contents,
the instructions on the envelope containing the papers, as we
have seen, referring to them.    The contents of the envelope
were therefore proper evidence for the consideration of the
court and jury.

The appellant also complains of the charge of the court,
because, as is claimed, it omits the element that the failure of
officers, within a reasonable time, to disaffirm the acts of the
alleged agent of the company, when he acts with the knowledge
of the officers, often works an estoppel on the company, but,
upon examining the entire charge, the law, applicable to the
facts disclosed by the evidence, appears to be fairly stated, and,
hence, the objection here urged can be of no avail.

There are other questions presented, but finding no rever-
sible error in the record, we do not regard further discussion
necessary.    We are of the opinion that the great preponderance
of the evidence is unfavorable to the appellant, and shows no
right in him to recover against the defendant company in this
case.

The judgment is affirmed with costs.    *Miner* and *Baskin,*
*JJ.,* concur.