MANN et al. v. BELL.   (No. 5584.)

(Court of Civil Appeals of Texas. Austin. Feb. 23, 1916.)

1. TRIAL ⬅139(1)—PROVINCE OF JURY—CONFLICTING INFERENCE.
    Where there is any evidence about which reasonable minds may differ, it is the duty of the trial court to submit the issue to the jury.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341; Dec. Dig. ⬅139(1).]

2. PRINCIPAL AND AGENT ⬅116(1)—ACTS OF AGENT—SCOPE OF AUTHORITY.
    Where an agent authorized to buy cotton, bought cotton for future delivery and the seller did not know of the principal's uncommunicated instructions that cotton should be bought only for immediate delivery, the principal is liable, for, as the agent was acting within the scope of his apparent authority, secret instructions are unavailing.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 377; Dec. Dig. ⬅116(1).]

3. EVIDENCE ⬅471(31)—OPINION EVIDENCE—CONCLUSION.
    Testimony that it was a matter of common knowledge that defendant's agent had no authority, save to buy spot cotton, is inadmissible as a conclusion where the suit was to recover on a contract to purchase cotton for future delivery.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2176; Dec. Dig. ⬅471(31); Witnesses, Cent. Dig. §§ 833–836.]

4. PRINCIPAL AND AGENT ⬅20(1), 120(1) — SCOPE OF AUTHORITY — GENERAL REPUTATION.
    Neither agency nor the scope thereof can be proven by general reputation.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 37, 402, 404, 408, 410, 411; Dec. Dig. ⬅20(1), 120(1).]

Appeal from District Court, McCulloch County; Jno. W. Goodwin, Judge.

Action by Thomas Bell against James T. Mann and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Joe A. Adkins and Shropshire & House, all of Brady, for appellants. F. M. Newman, of Brady, and Wilkinson & McGaugh, of Brownwood, for appellee.

RICE, J. Appellee brought this suit against James T. Mann, O. Duke Mann, R. V. Stearns, Grace Beavans, and James Beavans,

appellants herein, who were formerly stockholders in the corporation of O. D. Mann & Sons, to recover damages suffered by him on account of their alleged breach of contract in refusing to accept and pay for 200 bales of cotton sold to said company through their agent, Steve Duke, 100 bales on September 23, and 100 bales on September 29, 1911, respectively, to be delivered on the 25th day of October of said year, or earlier at his option, the first 100 bales at $10^3/_{16}$ cents and the second 100 bales at $9^{15}/_{16}$ cents per pound, basis middling; alleging that he tendered said cotton to appellants on October 19, 1911, in compliance with his contract of sale, and demanded payment therefor; that is to say, he demanded payment for 100 bales at their value based on $10^3/_{16}$ cents per pound for middling grade cotton, and for 100 bales at their value, based on $9^{15}/_{16}$ cents per pound for middling grade cotton; that the 100 bales sold September 23d weighed 53,817, and the other 100 bales weighed 53,247; that at the time of said tender the market value of middling grade cotton at Brady was $8^3/_{14}$ cents per pound, basis middling; that at the time said first 100 bales were tendered they were worth $1^1/_{16}$ cents per pound, or $773.62 less than at the time of sale; and the other 100 bales were worth $1^3/_{16}$ cents per pound, or $632.23 less than at the time of their sale, aggregating the full sum of $1,405.95. He further alleged that said corporation was dissolved about December 26, 1911, and at the time appellants (except James Beavans, who was impleaded only pro forma) were owners of its stock; that all of its property was by its directors and managers James T. Mann, O. D. Mann, and R. V. Stearns turned over to its said stockholders, and by them converted to their own use and benefit, the same being of greater value than the damages here sued for.

After a general denial, appellants specially answered, admitting that the said Duke was employed by said company to purchase cotton for it on the streets of Brady, but averred that said authority was limited to purchases for immediate delivery only; that he had no authority to make any contract binding it to accept and pay for cotton to be delivered in the future; that he was furnished with a price limit each forenoon to be used during that day only in purchases of cotton for immediate delivery; that it was the universal custom amongst cotton buyers to limit the authority of their agents who bought cotton, just as Duke was in the present instance, and that appellee, who was an experienced cotton buyer at said place, was well acquainted with said custom; that neither said corporation nor appellants had ever held said Duke out as having authority to purchase cotton for future delivery, and had never ratified any such purchases by him.

[1, 2] Upon conclusion of the testimony the

184 S.W.—21

court, of its own motion, instructed a verdict for appellee for the sum of $1,405.95 and upon its return rendered judgment in accordance therewith against appellants, from which they have prosecuted this appeal, insisting by their first assignment that the court erred in so charging the jury, contending that there being evidence to support their contention, it was the duty of the court to submit their theory of the case to the jury upon a proper charge, citing in support thereof Choate v. Railway, 90 Tex. 88, 36 S. W. 247, 37 S. W. 319; Id., 91 Tex. 406, 44 S. W. 69; Insurance Co. v. Brown, 82 Tex. 631, 18 S. W. 713; Huff v. Crawford, 89 Tex. 220, 221, 34 S. W. 606; Dallas v. Beeman, 12 Tex. Civ. App. 344, 34 S. W. 341; 31 Cyc. 1674–77. The rule of law seems to be that where there is any evidence about which reasonable minds may differ, it is the duty of the trial court to submit the issue for the consideration of the jury. Appellee, admitting the law to be as contended by appellants, insists, however, that there was no evidence warranting the submission of such issue, and therefore it became the duty of the court to instruct a verdict in his behalf. Appellants admitted on the trial of this case that the corporation of O. D. Mann & Sons, their predecessor, had, in September, 1911, employed Steve Duke as its agent and authorized him to buy cotton for it during the season in the town of Brady, but the evidence showed that it gave him private instructions to purchase cotton only for immediate delivery. The testimony, however, failed to show that these instructions were known to appellee, and he testified that he never knew, heard, or suspected that there was any limitation upon Duke's authority; that at one time he sold Duke 25 bales and at another 100 bales; the 25 bales were delivered close to the time of purchase, but the 100 bales were delivered some 10 or 12 days thereafter, all of which was accepted and paid for by appellants; that he knew of said Duke having purchased cotton to be delivered in the future from other parties during said season; during the time mentioned in the petition he lived at Brady and made the alleged contract with Duke and tendered the cotton called for therein in compliance therewith, but appellants refused to receive same, and when so tendered the cotton was shown to have been worth $1,405.95 less than the contract price.

The agent having bought said cotton while acting within the scope of his authority, appellants were bound thereby. See Merriman v. Fulton, 29 Tex. 98–108; New York Life Ins. Co. v. Rohrbough, Moore & Co., 2 Willson, Civ. Cas. Ct. App. § 217; Watkins v. Morley & Co., Id. § 727; Strozier v. Lewey & Co., 3 Willson, Civ. Cas. Ct. App. § 131.

Secret or private instructions to an agent, though binding as between the principal and agent, can have no effect on a third person who deals with the agent in ignorance of the

instructions and in reliance upon the apparent authority with which the principal had clothed him. As to third persons, such secret instructions are no restrictions upon the apparent authority of a general agent, for persons dealing with an agent are, in the absence of special proof to the contrary, presumed to know only his general authority, and have a right to assume that the principal intended him to employ the usual and appropriate means to do the acts that belong to the particular character of employment, or that have been previously employed by such agent, irrespective of any private directions the principal may have thought it best to give to the agent; and a special agent who acts within his apparent power will bind his principal, even if he has received private instructions which limit his special authority. See 31 Cyc. 1327B et seq.

In the instant case it appears that Duke was the agent of appellants, with general authority to buy cotton upon the streets, and was so generally regarded in the town of Brady, and there was no evidence whatever to show that appellee had any knowledge of the private instructions limiting his authority to purchase for immediate delivery only. This being true, we think that appellants were clearly bound by the acts of their agent in purchasing the cotton in question, and that the court properly instructed the jury to return a verdict in favor of appellee. In Clark & Skyles on Agency, § 70, p. 177, it is said:

"Where the facts are undisputed, the question whether the agent had the requisite authority to bind his principal by a particular act or contract is a question of law for the court."

[3] Appellants contend by their eleventh assignment that the court erred in refusing to permit them to prove by James T. Mann that it was matter of common knowledge that everybody in the town of Brady knew that Steve Duke had no authority from the firm of O. D. Mann & Sons, except to buy spot cotton on the streets. This evidence was properly excluded, we think, upon objection of appellee that it was the mere conclusion and opinion of the witness. See E. A. L. M. Co. v. Briggs, 41 S. W. 1036; Int. Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93–100; 31 Cyc. 1652, subd. 3; 10 Ency. Evid. pp. 227, 228; McCornick v. Queen of Sheba Gold Min. & Mill. Co., 23 Utah, 71, 63 Pac. 820–822.

[4] Neither agency nor the scope thereof can be proven by general reputation. See McGregor v. Hudson, 30 S. W. 489; Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227–229; Mechem on Agency (1st Ed.) § 101; 31 Cyc. p. 1665, subd. 9; 10 Ency. Evid. p. 27, subd. 14; Union Trust Co. v. McKeon, 76 Conn. 508, 57 Atl. 111, 112; Tucker v. Constable, 16 Or. 407, 19 Pac. 14.

The remaining assignments complain of errors in refusing to give special charges re-

quested at the instance of appellants; but since we have concluded that the court did not err in directing a verdict in behalf of appellee, none of them need be considered.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.