## FORD MOTOR CO. v. LIVESAY.

No. 7448—Opinion Filed Sept. 12, 1916.

Rehearing Denied Nov. 14. 1916.

(160 Pac. 901.)

1. **Negligence—Dangerous Instrumentalities —Automobile.**

An automobile is not an inherently dangerous machine, and the rules of law applicable to dangerous instrumentalities do not apply.

2. **Evidence—Opinion Evidence — Existence of Agency.**

Evidence that the party is or is not an agent is a mere conclusion. But the witness may state the facts and circumstances concerning the various transactions between him and the alleged principal, leaving the court and the jury to determine, under the facts disclosed, whether or not he was such agent.

3. **Evidence—Best and Secondary Evidence —Contract of Agency.**

If the contract of agency is reduced to writing, the written instrument is the best evidence.

4. **Negligence — Automobiles—Liabilities of Seller.**

The general rule, subject to certain exceptions not involved in this action, is that a manufacturer or vendor of an automobile is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture. or sale of such machine.

(Syllabus by Rittenhouse, C.) .

Error from District Court, Texas County; W. C. Crow, Judge.

Action by J. M. Livesay against the Ford Motor Company. Judgment for plaintiff, and defendant brings error. Reversed, and remanded for new trial.

Phil D. Brewer, L. B. Robertson, R. E. Hartman, and Douglas B. Crane, for plaintiff in error.

John L. Gleason, for defendant in error.

Opinion by RITTENHOUSE, C. The W. K. Prudden Company manufactured wheels for the Ford Motor Company, who used the same in assembling their No. 174900 Model T 1913 automobile. In March, 1913, the plaintiff purchased from A. D. Hopkins this machine, and in May following was injured while driving along a smooth road at the rate of 22 miles an hour by reason of the breaking of the spokes in the right wheel of said automobile. This action is brought against the Ford Motor Company, wherein it is alleged that it failed and neglected to put proper material in such wheel, and carelessly and negligently constructed the spokes out of unsound timber. The defendant answered by general denial, and further alleged that the wheel was not manufactured by it, but by W. K. Prudden Company, of Lansing, Mich., and denied that it sold the machine to the plaintiff through its agents and servants. At the trial the plaintiff established the injuries received, introducing in evidence a few of the spokes, one of which was defective. that he had purchased the automobile from A. D. Hopkins, and attempted to prove that Hop-

kins was acting as the agent of the Ford Motor Company.

The defendant demurred to the evidence, which was overruled, and by its evidence established the purchase of the wheel from W. K. Prudden Company, a reputable manufacturer of automobile wheels; that such company made seven tests of the wheels before delivery; that after delivery the defendant company made nine tests, which were all the tests known to the automobile industry. The expert testified that the one defective spoke was known as a case-hardened spoke, sometimes caused in kiln drying; that there is no known method of detecting a case-hardened spoke other than by breaking the same, which would destroy its value.

That an automobile is not an inherently dangerous machine has been held by the weight of authority. In Vincent et al. v. Crandall & Dodley Company, 131 App. Div. 200, 115 N. Y. Supp. 600, it was held that motor vehicles cannot be placed in the same category as locomotives, gunpowder, dynamite, and similar dangerous machines and agencies, and the rules of law applicable to dangerous instrumentalities do not apply. Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L. R. A. (N. S.) 382, 19 Ann. Cas. 1227; Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; Jones v. Hodge, 47 Wash. 663, 92 Pac. 433, 14 L. R. A. (N. S.) 216, 125 Am. St. Rep. 915.

In an attempt to show a privity of contract between the plaintiff and the Ford Motor Company the plaintiff offered the evidence of A. D. Hopkins, over the objection of the defendant, who testified that he was acting as a representative of such company in the sale of the machine. The only evidence on the subject is as follows:

"Mr. Gleason: Were you selling as their agent? * * * A. As subagent; yes. sir. Mr. Gleason: As subagent? A. Yes, sir. Q. When you sold this car to Mr. J. M. Livesay did you sell it as the agent of the Ford Motor Company? * * *

"Mr. Robertson: Just one question; was that agreement in writing with the Ford Motor Company? A. It was in printing. Mr. Robertson: In printing, yes, and signed by you? A. Yes, sir. Mr. Robertson: We object to any further testimony by this witness.

"Mr. Gleason: The question I asked him was: Was he acting in the capacity of agent; did he perform any act for them? If so, it makes no difference.

"The Court: I understand that perfectly. He is not asking for the contents of the writing, or the extent of the authority at this time. (Objection overruled.)

"Mr. Robertson: Exception."

It will be observed that the witness testified to no facts or circumstances concerning the transaction between him and the principal from which the jury could or could not draw the conclusion as to whether or not an agency existed, but merely testified to the conclusion that he was a subagent. That statement alone is not sufficient to prove the agency. Goddard & Sons v. Garner et al., 109 Ala. 98, 19 South. 513; Young v. Newark Fire Ins. Co., 59 Conn. 41, 22 Atl. 32; Maurer v. Miday, 25 Neb. 575, 41 N. W. 395; Encyclopedia of Evidence, vol. 10, p. 28; 31 Cyc. 1652; Southern Home B. & L. Ass'n v. Winans et al, 24 Tex. Civ. App. 544, 60 S. W. 825; McCormick v. Queen of Sheba Gold Mining & Mill Co., 23 Utah, 71, 63 Pac. 820.

Independently of the insufficiency of this testimony to prove agency, there was evidence that the contract of agency, if any, was reduced to writing, and this would have been the best evidence of the existence of the agency.

In the admission of the evidence of A. D. Hopkins there was prejudicial error, as the question of the capacity in which A. D. Hopkins acted in the sale of the automobile was the main question in issue, and upon it rested the question of the liability of the Ford Motor Company. If Hopkins was not the agent of the defendant, then the plaintiff failed to make a case, and the demurrer to the evidence should have been sustained.

It is a general rule that a manufacturer or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles. In the leading case of Winterbottom v. Wright, 10 M. & W. 109, the rule is placed upon the ground of public policy. There would be no end of litigation if the manufacturers were to be held liable to the third persons for every act of negligence in the construction of the machines they make after the parties to whom they have sold them have received and accepted them. In the case of the Cadillac Motor Company v. Johnson, 221 Fed. 801, 137 C. C. A. 279, L. R. A. 1915E, 287, the court held:

"A manufacturer of automobiles, which purchased the wheels used on its automobiles, was not liable to an injured person, who purchased an automobile manufactured by it from a dealer, and who had no contractual relations with it, for its negligent failure to discover that one of the wheels was defective, since, while one who manufactures articles inherently dangerous is liable to third parties injured by such articles, unless he exercises reasonable care, one who manufactures ar-

ticles dangerous only if defectively made. is not liable to third parties for injuries, except in case of willful injury or fraud."

Cooley on Torts, at page 1486, says: ·

"The general rule is that a contractor, manufacturer, vendor, or furnisher of an article is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of such articles. * * *"

See Huset v. J. I. Case Threshing Machine Company, 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303; Richmond & Danville Railroad Company v. Elliott, 149 U. S. 266, 13 Sup. Ct. 837, 37 L. Ed. 728; O'Neill v. James, 138 Mich. 567, 101 N. W. 828, 68 L. R. A. 342, 111 Am. St. Rep. 321, 5 Ann. Cas. 177; Curtin v. Somerset, 140 Pa. 70, 21 Atl. 244, 12 L. R. A. 322, 23 Am. St. Rep. 226; Heizer v. Kingsland Douglass Mfg. Co., 110 Mo. 605, 19 S. W. 630, 15 L. R. A. 821, 33 Am. St. Rep. 482; Daugherty v. Herzog, 145 Ind. 255, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. Rep. 204; McCaffrey v. Mfg. Co., 23 R. I. 381, 50 Atl. 651, 55 L. R. A. 822, 91 Am. St. Rep. 637.

To this rule there are three exceptions, as stated in Huset v. J. I. Case T. M. Co., supra, but the instant case does not fall within any of these exceptions.

The judgment is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.