WILLIAM B. MILNE *v.* JOHN E. MACWHIRTER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued February 5—decided April 10, 1942.

*Cyril F. Gaffney,* for the appellant (defendant).

*William M. Harney,* for the appellee (plaintiff).

BROWN, J.  In this action for damages for breach of an agreement by the defendant to purchase the plaintiff's package store, the court rendered judgment for the plaintiff for $1500 and the defendant has appealed. These material facts found by the court are not subject to correction:  The plaintiff was the owner of a package store on Trumbull Street in Hartford.  He agreed to sell and the defendant to buy the business for $2000.  The plaintiff told the defendant and attorney Pallotti, with whom they conferred, that he owed the city and state for taxes, approximately $400 to his landlord for rent, bills for merchandise purchased which it appears totaled $2338.99 and a balance of about $50 on a secured note to the bank.  Pallotti prepared an agreement of sale.  This was dated July 31, 1939, and acknowledged the receipt by Pallotti of $1000 from the defendant as a deposit for the purchase of the store at the agreed price of $2000 for the furniture, fixtures and stock of liquor and ales, free and clear of all incumbrances.  It further provided that "it is . . . agreed that said William Milne is to try to effect a compromise settlement with his creditors, and if said compromise settlement is effected within two weeks from date, then said John E. MacWhirter shall pay the balance of One Thousand (1000) Dollars and shall immediately make application for a Package Store Permit."  It also stated that the $1000 was to remain in the hands of Pallotti as attorney until the compromise was made and the remaining $1000 should be due, but that it was "further . . . agreed that if the compromise . . . is not made within two weeks, then . . . MacWhirter shall be privileged to take back the One Thousand (1000) Dollars without any obligation to . . . Milne nor

. . . Pallotti." This was signed by Pallotti and the defendant, and, below, the plaintiff, as owner and operator of the store, indorsed his consent to the agreement and subscribed his name. The defendant delivered to Pallotti his check for $1000 made payable to him. The check was not paid and the defendant disappeared.

In order to recover of the defendant upon the agreement it was incumbent upon the plaintiff to prove that he had effected "a compromise settlement with his creditors" as therein provided. This calls for the determination of what the parties meant by the word "creditors" as used in their contract. There can be no doubt that the plaintiff's landlord and merchandise creditors fell within the term. In view of the evident improbability, if not impossibility, of obtaining a compromise of either the amounts due for taxes or of the balance due the bank on the note for which it held security, the parties could not have contemplated a compromise of these claims. We therefore conclude that under the agreement the plaintiff was obligated to compromise only the claims due the landlord and his merchandise creditors. The court found: "As to the rent claim of the Allyn Estate for $400, a compromise was made for four months free rent. What this was in dollars and cents does not appear." The defendant assigned this finding as error "in view of the testimony of the plaintiff." This assignment is not referred to in the defendant's brief, but it appears from the evidence printed in the record in support of his attack upon the finding that the undisputed testimony of the plaintiff upon cross-examination was that the rent amounted to $80 per month. This was apparently overlooked by the court in making the finding above quoted. Upon this state of the record the defendant cannot be heard to dispute the fact that the $400 rent claim was

compromised in effect for an agreed payment net to the landlord of $80, that is, on a basis of twenty cents on the dollar.

In further pursuance of the contract of July 31st the plaintiff contacted all of his merchandise creditors, who by. subscribing their names and the respective amounts of their claims thereto joined in the following written agreement of compromise dated August 11, 1939: "We, the undersigned, unsecured creditors of WILLIAM MILNE, agree to accept thirty-three and one-third cents on the dollar in full settlement of our claim against said the MILNE as represented by the amount set forth opposite our names as subscribed below, provided all other unsecured creditors accept the same proportion of their claims in full settlement." The plaintiff relies upon this agreement as constituting the effective compromise settlement of these merchandise claims essential to establish performance by him of the contract sued on. The burden of proving that he had effected a compromise settlement with his merchandise creditors within two weeks after July 31, 1939, rested upon the plaintiff. Proof of the execution of the agreement of August 11th, upon which the plaintiff relied, was not sufficient of itself to establish this, for the plaintiff further had to show that this compromise settlement was effective and legally binding upon the merchandise creditors who had signed it. By its express proviso this was not to be so unless "all other unsecured creditors" accepted one-third of the amount of their claims in full settlement. The landlord, like the merchandise creditors, was an unsecured creditor. The bank was not. For the reasons already discussed in considering whether the July 31st contract applied to amounts due for taxes, neither were the state and city "unsecured creditors" within the meaning of those words as used in the August 11th

contract. Since all of the merchandise creditors executed this contract, and the landlord, the only other unsecured creditor, as above stated agreed with the plaintiff to compromise his claim for less than the thirty-three and one-third cents on the dollar prescribed in it, the plaintiff sustained the burden of proving such compliance with the condition of the compromise agreement as to render it valid as to all of the merchandise creditors. It follows that the plaintiff did perform his part under the July 31st agreement within the two weeks specified, and therefore the defendant became obligated to make payment thereunder. The court did not err in concluding that the plaintiff fulfilled his contract and that the defendant breached the contract by failing to comply with its terms.

The court's rulings on evidence and its conclusion relating to agency, the only other errors assigned, require but brief mention. A number of the creditors' signatures on the agreement of August 11th were affixed by lawyer Ribicoff as their attorney and the only evidence as to his authority was his own testimony. The court admitted, over objection, testimony by him as to his relations with these creditors in his capacity as attorney for the Connecticut Wholesale Liquor Dealers Association of which they were members and how he came to sign this compromise agreement for them. The court's ruling was correct. We have repeatedly held that agency cannot be proved by the declaration of the alleged agent. *Bailey* v. *Bobecki*, 117 Conn. 653, 654, 166 Atl. 677. The basis of that ruling is that whether or not an agency exists is a conclusion which must be left for the court or jury to determine. *Young* v. *Newark Fire Ins. Co.*, 59 Conn. 41, 46, 22 Atl. 32; 90 A.L.R. 751, note. This does not, however, preclude the agent from giving any

testimony otherwise admissible as to facts and circumstances materially assisting the trier in arriving at the conclusion. *McCornick* v. *Mining and Milling Co.*, 23 Utah 71, 76, 63 Pac. 820; *Town of Evans* v. *Dickey*, 117 Ill. 291, 292, 7 N. E. 263; *Wheeler & Motter Mercantile Co.* v. *Lamerton*, 8 Fed. (2d) 957, 961. Included in the recital was hearsay evidence which was inadmissible, but in the absence of proper objection the court did not err in hearing it. The evidence received was sufficient to support the court's finding of agency.

There is no error.

In this opinion the other judges concurred.