IDA PHILLIPS *v.* B. PERINI & SONS, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 82896

Memorandum filed November 24, 1954.

*Leon Podorowsky* and *Cornelius D. Shea,* both of Hartford, for the plaintiff.

*Day, Berry & Howard* and *Roger B. McCormick,* both of Hartford, for the defendants.

KING, J. In this action the defendants had a verdict. The case involved factual questions and there is not the slightest justification or excuse for setting this verdict aside. The case was ably tried for the

plaintiff and her failure to win is the result of the ordinary operations of the jury system in the determination of disputed questions of fact. The result reached was reasonable and sound. It is immaterial whether the court, had it tried the case alone, would have decided the issue of liability for the plaintiff, since a permissible and logical result was reached in a typical jury case.

The plaintiff has catalogued a long list of complaints in her motion in arrest of judgment, all of which are claimed to grow out of one incident occurring during the arguments to the jury. It is to be noted that all of these complaints relate to the issue of damages. The short answer to all this is that inasmuch as the verdict was for the defendants, no ruling on damages could have been harmful to the plaintiff. Maltbie, Conn. App. Proc., p. 82, § 58. However, lest the court appear hypertechnical, the actual situation will be briefly explained and discussed.

In his opening argument to the jury, plaintiff's counsel covered in persuasive fashion the issues of liability and damage. In his argument, defendant's counsel did not touch upon the question of damages. In his closing argument, plaintiff's counsel discussed the issue of liability and then went into the question of damages. Counsel for the defendants thereupon objected to further argument by the plaintiff's counsel as to damages on the ground that it was not proper rebuttal of anything which had been said in defendant's argument. The court sustained this objection on the ground stated in accordance with settled law. 53 Am. Jur. 366; see also Practice Book § 455. In so far as the court had discretion in the matter, it felt then, and still does, that in view of the thorough coverage of plaintiff's opening statement its discretion was properly exercised in the ruling made. *Livingston's Appeal,* 63 Conn. 68, 72;

*Young* v. *Newark Fire Ins. Co.,* 59 Conn. 41, 44. To avoid misapprehension it should be noted that (1) plaintiff's counsel in no way reserved, or claimed to have expressed any intention of attempting to reserve, anything for rebuttal argument (see *French* v. *French,* 135 Conn. 542, 549), and (2) plaintiff's counsel was expressly empowered to, and did, in his closing argument, discuss the plaintiff's injuries in so far as they bore on the issue of liability.

For the foregoing reasons, the motion to set aside the verdict, as well as the motion in arrest of judgment, is denied.