STATE OF CONNECTICUT *v.* JEROME D. COHEN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 4-12041

Argued June 13—decided July 15, 1966

*Harry Cohen,* of New Milford, for the appellant (defendant).

*Francis M. McDonald,* deputy chief prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was found guilty by the jury of passing a standing school bus in violation of § 14-279 of the General Statutes and assigns error in the denial of his motion to set aside the verdict. The gravamen of all the errors claimed in the motion to set aside the verdict is that the state failed to prove that the bus was a "registered school bus" as set forth in §§ 14-279 and 14-275 (a). Section 14-1 (27) defines a registration to include "the certificate thereof and the number plates used in connection therewith." The state produced evidence that the vehicle did fit the description of a regular school bus in that it was yellow, bore the letters "School Bus, Stop on Signal" and "Town of Woodbury," and had front and rear flashing stoplights; that it was registered as a school bus; and that it had registration plates affixed to it. The arresting officer testified without objection that the license plates "were motor vehicle commissioner's registration plates for a standard school bus." The operator testified that the vehicle was a standard school bus, that it had school-bus registration plates, that she had seen the registration in the glove compartment, and that it was "registered by the motor vehicle commissioner as a school bus."

The defendant's labeling of this evidence as hearsay was in error. This was not testimony of an extrajudicial assertion but direct evidence of the witnesses of what they had seen. Holden & Daly, Conn. Evidence § 93a, p. 413. The objection might have been interposed that part of the testimony was a conclusion which the court or jury were required to draw from the evidence. No such objection, however, was made. The state was not limited to proving the vehicle a registered school bus by

a certified copy of the registration prepared by the commissioner of motor vehicles, as the defendant claims. It could prove this element of its case by such other evidence as it saw fit and as it did in the instant case. All of the evidence was received without objection, and therefore even had it been hearsay it would remain in the case "for what it was worth, though subject to the infirmities of hearsay evidence." *Sizer* v. *Lenney,* 146 Conn. 457, 459; *Milne* v. *MacWhirter,* 128 Conn. 683, 688. The evidence received was sufficient to support the jury's finding of guilty.

There is no error.

KOSICKI, JACOBS and LEVINE, Js., participated in this decision.