CHARLES H. LEONARD, RESPONDENT, v. STANDARD AERO CORPORATION OF NEW YORK, APPELLANT.

Argued June 24, 1920—Decided November 15, 1920.

1. The owner of a building who is familiar therewith is competent to testify as to its general condition of repair, without being first qualified as an expert in such matters.

2. The admission of a leading question cannot be reviewed on appeal.

3. In an action for damages for waste committed upon leased premises, testimony as to the amount of rent received before and after the period of the lease in question is immaterial.

4. A mere statement, made by an agent out of court, that he is the agent of another is, of course, not evidential, but it is elementary that his agency may be proven by his own oath on the witness-stand.

5. In an action for damages for waste committed upon leased premises, the cost of a new structure erected thereon by the tenant is immaterial.

6. An objection to a question, made after it has been answered, and after the witness has left the stand and been succeeded by another, is too late and not entitled to consideration.

7. A witness, qualified as an expert, in answering a hypothetical question as to the value of a building, may use and include his experience in handling buildings and drawing plans and specifications and giving estimates, for it is the experience thus gained which enables him to become an expert, and to exclude its application to a given state of facts would be to eliminate the value of expert testimony entirely.

8. The question whether a witness has such special knowledge or experience as to justify him to give opinion evidence, is a question for the determination of the trial court, whose finding is not reviewable on appeal if there is any legal evidence to support it.

Leonard v. Standard Aero Corp.    95 N. J. L.

On appeal from the Supreme Court.

For the respondent, *McDermott & Enright*.

For the appellant, *Heine, Bostwick & Bradner*.

The opinion of the court was delivered by

ACKERSON, J.   This is an action for waste committed upon leased premises, having thereon a factory and boiler house, with equipment, including boilers, engines and machinery. Plaintiff, the landlord, recovered a judgment in the Supreme Court against defendant, his tenant, for damage done to the demised factory and certain machinery contained therein, by the tenant holding under a written lease containing a covenant to preserve the leased premises and surrender them at the expiration of the lease in as good condition as proper use thereof would permit, damages by the elements excepted, from which judgment defendant appeals upon twenty-six grounds, all based upon rulings of the trial court, admitting, excluding and refusing to strike out oral testimony, which grounds have been classified and discussed in defendant's brief under seven points.

The first point urged for a reversal is the admission of the answer of the witness Leonard (the plaintiff) to the following question: "In what condition of repair was the building at the time of the first lease," to which he replied, "Well, I guess it was in pretty good condition * * * I should think fair." After the answer was in, objection was made upon the ground that this was an expert opinion by one not qualified. We think that the owner of a building who is familiar therewith, is competent to testify as to its general condition of repair without being first qualified as an expert builder or contractor, and furthermore, the objection came too late, having been interposed after the question had been answered, and no motion was made to strike out the answer.

The next objection is that the court permitted certain leading questions to be asked. But this is a matter always

left to the discretion of the court, and is not reviewable on appeal. *Trenton Passenger R. R. Co.* v. *Cooper,* 60 *N. J. L.* 219, 223; *Chambers* v. *Hunt,* 22 *Id.* 552.

The next point raised is that the court erroneously refused to permit the defendant to show, on cross-examination, the amount of rent the plaintiff received from the tenant who preceded and the tenant who succeeded the defendant as leasee of the factory and contents. This, we think, was properly excluded, for the amount of rent received was no criterion of the extent of the waste. The rent was a matter of contract and had no bearing on the depreciation caused by the waste, and in many cases is based upon the necessities of the prospective tenant. Furthermore, the property had on it at the termination of the lease in question, new buildings put up by defendant, which, under the lease became the property of the plaintiff at its termination, and, therefore, the property was not the same as when originally rented to the defendant.

It is next urged that the court improperly asked and permitted to be answered over objection, a question which was put to the general manager of the defendant company with relation to an interview which he had with the plaintiff after the waste had been committed. The court asked: "Was it the result—did you go to Mr. Leonard (the plaintiff) this second time, as the result of any direction received from the president of the company?" This was objected to upon the ground that the agent's authority could not be proven out of the mouth of the agent himself, and that if the instructions were received from the president of the defendant company, he should be called to prove it.

This contention is palpably without merit. A mere statement, made by an agent out of court, that he is the agent of another, is, of course, not evidential, but it is elementary that his agency may be proven by his own oath on the witness stand.

The next point made by the defendant is that the court erred in overruling a question asked by the defendant on cross-examination of one of plaintiff's witnesses, tending to

show the cost of a certain extension to the leased building which had been put up by the defendant during the continuance of the lease and which was to become the property of the plaintiff at the termination of the lease. Under these circumstances the cost of the new extension had no bearing whatever upon the waste committed upon the leased property, and was immaterial. At best it was cross-examination upon an immaterial matter.

It is next contended that the court erred in ruling upon the following testimony: A witness named Poggi, an architect, was called by plaintiff as an expert to prove the value of the destroyed brick "boiler house." He was asked in substance to assume a building of certain dimensions and character of construction (intended to be the same as the one destroyed), and to place a value thereon. This was objected to upon the ground that one of the facts, viz., the thickness of the walls, had not been included in the hypothetical question, and had not in fact been proven. Thereupon plaintiff, Leonard, was recalled to the stand and testified as follows: "*Q.* Do you recall how thick the walls of this boiler house were? *A.* I think they were twelve-inch walls; they were partition walls between the blacksmith shop and the boiler room and engine room. *Q.* Were those walls of brick? *A.* Brick; yes, sir. *Q.* How thick were they, *A.* I presume the same, I don't know." There was no objection interposed to any of this, and the witness stepped down and the architect was recalled and asked, "*Q.* Now, Mr. Poggi, I will add to the question I asked you the further fact——." Then, for the first time, defendant's counsel interposed an objection to the testimony of Leonard, the preceding witness, upon the ground that it was not within the knowledge of the witness and practically a guess. Clearly this objection, coming after the questions had been answered and after the witness had left the stand and been succeeded by another, was too late and not entitled to consideration; and no motion was made to strike out the testimony.

After the above-mentioned hypothetical question had been

completed and answered, the witness Poggi was asked upon cross-examination, "In giving your answer, you are, of course, using and including your general experience in the handling of buildings and in drawing plans and specifications and giving estimates and so on?" to which he replied, "Yes," and further answered affirmatively the question "And that experience entered into the answer which you gave to this question?" (the hypothetical question as to the value of the brick boiler house). Defendant's counsel then moved to strike out the answer to the hypothetical question, upon the ground that the witness had not confined himself in his answer strictly to the hypothesis placed before him in the question, and this motion the court denied, and we think this ruling was proper. It is the experience a person acquires in any line of work, which entitles him to become an expert therein, and to exclude the application of this experience to a given state of facts propounded in a hypothetical question would be to eliminate the value of expert opinion entirely.

Defendant's last point raises two questions. The first challenges the qualifications of a dealer in machinery to testify as an expert to the value of certain machinery installed in plaintiff's factory under certain conditions. The question whether a witness has such special knowledge or experience as to justify him to give opinion evidence, is a question for the determination of the trial court, whose finding is not reviewable on appeal if there be any legal evidence to support it. *Burns* v. *Del. and Atl. Telegraph Co.,* 70 *N. J. L.* 745.

Our examination of the testimony satisfied us that there was legal evidence to support the trial court's conclusion that the witness was qualified to give the testimony in question.

The last question raised was the refusal of the trial court to strike out testimony of the same witness, admitted without objection, but this was discretionary with the trial court and is not ground for reversal upon appeal. *State* v. *Hummer,* 73 *N. J. L.* 714.

The judgment will be affirmed.

*For reversal*—None.