JOHN RINGLEBEN, PLAINTIFF-APPELLEE, v. CITY OF LONG BRANCH, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 25, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Jacob Steinbach, Jr.*

For the appellee, *Thomas D. Nary.*

PER CURIAM.

This is an appeal from a judgment entered in the District Court of the First Judicial District of the county of Monmouth in favor of the plaintiff on the verdict of a jury.

The suit was to recover $300 for work done in drawing specifications and plans for street lighting for the city of Long Branch.

It appeared at the trial that the plaintiff for years had been employed as an electrician in charge of the *maintenance* of the electric lighting equipment of the city. His case, supported by evidence was that on October 10th, 1929, the commissioner of public safety (Long Branch being under the Walsh act and governed by commissioners) entered into an agreement with the plaintiff whereby he should prepare plans and specifications for *new* electric equipment contemplated by the city, and in return therefor should receive $50 for each street for which the plans and specifications were drawn);

that such specifications and plans were drawn by the plaintiff for six streets pursuant to such agreement; that the work so planned was let out to bid by the city and completed; that he rendered his bill to the city and the bill was unanimously approved by the full board of commissioners and was ordered paid. Soon thereafter there was a change of commissioners, the new mayor refused to approve the bill, and it was not paid, and this suit was brought to recover the agreed compensation.

We shall notice only those specifications of determinations which appear to be in proper form. Of those to be noticed are several having to do with the admission of testimony tending to show the authority of Mr. Brown, the commissioner of public safety, to enter into the contract. The appellant's argument seems to be that the testimony of Mr. Brown was incompetent to prove his agency. We incline to think that such examination was competent. *Leonard* v. *Standard Aero Corp.*, 95 *N. J. L.* 235, 237; 112 *Atl. Rep.* 252. But apart from that, such question is really not important because it seems to appear beyond dispute that there was a ratification of the contract and that the full board of commissioners resolved unanimously to pay the bill and ordered it paid. That appears by the resolution passed on May 17th, 1932.

The appellant says that there was no power in the city to make the contract; but we can find no merit in that contention.

Appellant says that the plaintiff is barred from recovery by reason of his being on a salary with the city. We think there is no merit in this. Plaintiff's regular duty was to see that the electrical equipment of the city was maintained in proper order. The contract in question was outside of his regular employment and the evidence was to the effect that the performance of the contract for which compensation is sought did not interfere with the duties for which his salary was paid, and so, under the authority of *Evans* v. *Trenton*, 24 *N. J. L.* 769, we think he is not barred from recovery.

Appellant seems to contend that there is no proof that plaintiff performed the work. We think there was ample proof.

Appellant contends that plaintiff should not recover because there was no showing that any appropriation was made by the city for payment for the work. We think there is nothing in this. We find no evidence that there was no appropriation from which the plaintiff could be paid, and if in fact there was no appropriation, the burden was on the defendant to show it, and that it did not do.

The judgment will be affirmed, with costs.