HERBERT GESSLER, PLAINTIFF-APPELLEE, v. COUNTY OF PASSAIC, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted January 26, 1934—Decided May 9, 1934.

For the appellant, *Harry L. Schoen.*

For the appellee, *Milton Schamach.*

The opinion of the court was delivered by

PERSKIE, J. The plaintiff sued for salary for the period December 15th, 1932, to January 4th, 1933, amounting to $208.30. The complaint was made up of two counts. The first was for the salary alleged to be due to the plaintiff for the aforementioned period, at the agreed salary of $4,000 a year, and the second was on a *quantum meruit* for a like amount.

The record discloses that on August 19th, 1931, plaintiff was appointed superintendent and sealer of weights and

measures of Passaic county, apparently for an indefinite term, or at least the term is not made to appear, at the yearly salary of $4,000. The position held by the plaintiff is classified under our civil service laws. In April or May of 1932 an examination for the position was held and the certification of three names, all veterans, two disabled, was forwarded to defendant. The plaintiff's name was not among those certified although he was number one on the list on merit. He is not an ex-service man. In this certificate the civil service commission advised the clerk of the defendant board that the pay of the plaintiff, as a temporary incumbent, would be withheld after September 22d. Despite this the plaintiff continued working and received pay on November 1st, 1932, and thereafter was likewise paid up to December 15th, 1932. The commission approved the pay up to November 1st, 1932. But the defendant paid plaintiff, as indicated, up to December 15th, 1932. Thereafter, February 11th, 1933, the clerk of the defendant board wrote to the secretary of the civil service commission inquiring whether it had approved the services of the plaintiff from December 15th, 1932, to January 4th, 1933, and further inquired whether the plaintiff's salary for the period in question should be paid. The secretary of the commission replied that the commission directed him to advise the defendant that in view of the fact that plaintiff worked during this time (*i. e.,* December 15th, 1932, to January 4th, 1933), the commission would pass the pay-roll when presented for the time indicated. No such actual approval, however, is made to appear.

The plaintiff was not advised, at least not prior to January 4th, 1933, officially or unofficially, that his services were no longer required. The board took no formal action. Moreover, it continued to pay him his salary, as already indicated, up to December 15th, 1932.

The defense urged, in substance, is that the appropriation for plaintiff's salary was exhausted and that since he worked knowing that fact he was a mere volunteer and therefore could not, in either event, recover. We do not think this is so.

This court, in the case of *Ringleben* v. *City of Long Branch,*

11 *N. J. Mis. R.* 391; 166 *Atl. Rep.* 470, held the burden of proving that there was no appropriation from which the plaintiff could be paid, and, if in fact there was no appropriation, was on the defendant.

It is a fact that in the instant case the treasurer of the defendant county testified, over objection and exception and the court's observation as to its immateriality, that when the plaintiff was paid on December 31st, 1932, the sum of $446.76 for his services from November 1st, 1932, to December 15th, 1932, the appropriation for the particular office held by the plaintiff was exhausted. It is, however, also a fact that in this case the plaintiff testified that he did not know that this payment exhausted the appropriation. Be that as it may it should be observed that at the time of the trial it appeared that one William Miller occupied the position formerly held by the plaintiff. And while it is, of course, immaterial to the issue involved on this appeal the question suggests itself—out of what appropriation is the present incumbent being paid?

The validity of plaintiff's appointment to the office occupied by him was not and is not challenged. No question as to lack of appropriation of his salary was raised until this suit was instituted by plaintiff for his stipulated salary. We therefore think that the case of *Ringleben* v. *City of Long Branch, supra,* is without application to the case at bar.

It appears to us that where a duly approved and accredited incumbent of a public office continues to perform faithfully the duties of his office unchallenged, as did the plaintiff in the instant case, it is no defense to an action for his stipulated salary to contend that the county did not appropriate the necessary pay, or having appropriated it, per chance, applied the money to some other use, or, that the appropriation is exhausted.

The plaintiff's rights in the premises are not changed merely because he chanced to work for a body politic. In the case of *Frank* v. *Board of Education of Jersey City,* 90 *N. J. L.* 273, the Court of Errors and Appeals, in an opinion by Mr. Justice Black (at *p.* 279), held:

"\* \* \* The same rules apply to municipal corporations acting within the limits of the powers conferred upon them by the legislature as to other corporations or private persons. *Clark* v. *City of Washington,* 12 *Wheat.* 40; *Mayor, &c., of Jersey City* v. *Harrison,* 71 *N. J. L.* 69; *affirmed,* 72 *Id.* 185. The remark of Mr. Justice Collins, in the case of *Wentink* v. *Freeholders of Passaic,* 66 *Id.* 65, 67, is pertinent: 'All that he [*i. e.,* the vendor or contractor] need to look to is the power to make the ostensible contract.' On this point, see *Armitage* v. *Essex Construction Co.,* 87 *Id.* 134; *affirmed,* 88 *Id.* 640; 28 *Cyc.* 667b, 675."

"The laborer is worthy of his hire." And this is so whether he works for an individual or a group of individuals, as in the instant case, called a county.

Judgment is affirmed, with costs.