16 N.J. Super. 35 (1951)
83 A.2d 804
BREGMAN SCREEN & LUMBER COMPANY, PLAINTIFF-APPELLANT,
v.
JACOB BECHEFSKY AND OTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 1951.
Decided October 24, 1951.
*37 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Sidney Krieger argued the cause for the appellant.
Mr. Emanuel M. Ehrenkranz argued the cause for the respondent, Herman Baron.
Mr. David Weinick argued the cause for the respondents Jacob Bechefsky and Michael Abel.
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff is a dealer in building materials; the defendants, Abel and Bechefsky, are contractors *38 who did work on a house owned by the defendant Baron. The plaintiff furnished materials that were used on the job. The partners refused to pay plaintiff for the materials and so did Baron. Plaintiff, uncertain who was liable, sued them all, and judgment final was entered in favor of them all and against the plaintiff.
The partners, in June, 1950, informed plaintiff they had a contract with Baron for certain work, ordered materials from plaintiff and in due course paid for them. While the job was still in process, they told Bregman, who is the proprietor of the plaintiff corporation, that they had instructions from Baron to do certain additional work and that the materials were to be charged to Baron's account. At the same time, they ordered the extra materials. Bregman testified that upon receiving the order from Abel and Bechefsky, he telephoned Baron's office and spoke with him. He told Baron of his arrangement with the contractors, and Baron assured him that he would pay for the materials for the extra work. The materials were delivered and are now the subject of the action. Baron testified, denying that he had authorized the contractors to charge to his account materials needed for the extra work; he denied that he had had any conversation with plaintiff on the subject.
If Baron in fact authorized the contractors to charge the materials to his account, or if he assured plaintiff that he would pay, judgment should have gone against him. But the learned judge of the district court resolved this crucial question in favor of Baron. On the issue, he seems to have considered only the testimony of Bregman and of Baron. But there was other evidence. Both Abel and Bechefsky testified that Baron had agreed to pay for the materials ordered and used for the extra work. This testimony was admitted over objection by Baron that agency could not be proved by a statement of the agent. "The testimony was received," says the court, "only so far as it related to the respective claims as between the defendants, it being relevant and material on the question as between defendants, * * *. It is to be *39 noted, however, that testimony to the same effect given by Bregman was not the subject of any objection." In explanation, we note that the partners cross-claimed against Baron, and he against them. When dealing with the plaintiff's claim, the court seems to have disregarded the testimony of Abel and Bechefsky on the theory that agency cannot be proved by the testimony of the agent. This is clearly fallacious. It is the settled rule that proof of a declaration of the supposed agent, made out of court, is not admissible against the alleged principal to prove the existence or extent of the agency. Rest. Agency, § 285; Ryle v. Manchester B. & L. Assn., 74 N.J.L. 840 (E. & A. 1907). Thus the testimony of Bregman about what the contractors told him was not competent to prove their agency. But the rule is equally well established that the testimony of the agent himself is admissible to prove his own agency. Like any other fact in issue, agency may be proved by the evidence of any one having first-hand knowledge. Leonard v. Standard Aero Corp., 95 N.J.L. 235 (E. & A. 1920). It appears then that the court, in resolving the principal issue in plaintiff's case against Baron, ignored the greater part of the relevant evidence presented by plaintiff, and the more weighty part. For this reason, there must be a new trial, at least as against Baron.
The case against Abel and Bechefsky falls if the court holds Baron liable. But if the court finds they were not authorized to act for Baron and dismisses the case against him, what then? Let us disregard for the moment plaintiff's testimony relating to a telephone conversation with Baron. One who purports to make a contract as agent for another, whom he has no power to bind, makes himself personally liable to the other contracting party. He impliedly warrants his own authority. The earlier cases put it that he becomes liable on the contract itself; but at the present time, the majority rule holds the pretended agent not liable on the contract, but only on the warranty. Restat. Agency, § 329; 3 C.J.S., Agency, §§ 208 to 213. In New Jersey, Bay v. *40 Cook, 22 N.J.L. 343 (Sup. Ct. 1850), holds the purported agent liable on the contract. Although this case was criticized in Patterson v. Lippincott, 47 N.J.L. 457 (Sup. Ct. 1885), it was followed in Timken v. Tallmadge, 54 N.J.L. 117 (Sup. Ct. 1891); Federal Advertising Corp. v. Hundertmark, 109 N.J.L. 12 (Sup. Ct. 1932), and Studerus Oil Co. v. Bienfang, 122 N.J.L. 238 (Sup. Ct. 1939). The complaint in the district court contained a count naming Abel and Bechefsky as the contracting parties, but did not charge them with liability on a warranty of agency. While it might have been the safer course to include counts based on both theories, we are satisfied that the complaint as drawn is sufficient foundation for a judgment against the partners, provided always that the proofs justify a recovery against them.
Abel and Bechefsky argue that they are not answerable for payment, since plaintiff did not extend credit to them or look to them for payment until Baron had refused to pay. But this is immaterial, if indeed plaintiff relied upon their warranty of agency. Liability is founded on the reliance that a plaintiff puts in the defendant's express or implied assurance that he is acting within the scope of his agency. Conversely, the plaintiff cannot recover if he was currently aware of the defendant's lack of authority, or if he was fully informed of the facts. Fuller v. Melko, 5 N.J. 554 (1950).
We have now reached the telephone conversation which plaintiff testified he had with Baron and which Baron denied. In dealing with the case against the contractors, we may assume that the trial court finds that Baron was not a party to such a conversation; that the person with whom plaintiff spoke (unless his testimony was a fabrication), was some one else. Plaintiff did not rely wholly on the defendants' claim of agency  perhaps not at all; for he relied in part at least, on what he was told over the telephone. The subject of warranties has been explored more fully in connection with the sale of goods than with other branches of *41 the law. As a rule, no proof of the buyer's reliance on the warranty is necessary other than that the seller's statements were of a kind which naturally would induce the purchase. The warranty need not be the sole inducement. The buyer may rely both on the seller's statements and on his own judgment. Even inspection by the buyer does not excuse the seller from liability for words which amount to an express warranty, if the defect was not detected. Williston, Sales, §§ 206 and 208. By analogy, we consider that Abel and Bechefsky may be held liable on their statement that Baron authorized them to charge the materials to Baron's account, unless the trial court be satisfied that plaintiff put his whole reliance on what he heard over the telephone, and none on the assurance given him by Bechefsky and Abel.
The judgment against these defendants must be reversed as well as the judgment against Baron. Costs will await the outcome of the new trial.