DOMINIC A. CARLONE *v.* GAETANO VERNI ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 8-636-1941

Argued December 21, 1964—decided March 16, 1965

*Andrew D. Sabetta*, of Derby, for the appellant (named defendant).

*Charles A. Sherwood*, of New Haven, for the appellee (plaintiff).

DEARINGTON, J. In this action the plaintiff sought to recover a balance claimed to be due from the named defendant and the defendants Edward and Constance Gondola, husband and wife. The court rendered judgment for the plaintiff against the named defendant. Since only the named defendant

has appealed, he will hereinafter be referred to as the defendant.

In his assignment of errors the defendant claims error in the court's refusal to correct the finding by striking certain facts and adding others. He also assigns error in the court's conclusions, claiming that they were based on facts found which were outside the issues raised in the pleadings, and further that the court erred in concluding that the Gondolas were acting as agents for the defendant.

The finding may be briefly stated as follows: The Gondolas employed the defendant to construct slate floors in two halls and the recreation room of their home. The work was not satisfactory and the defendant "agreed to make it good." Gondola contacted the defendant about the recreation room and the defendant said to go ahead and have it corrected. The defendant discussed the matter with the plaintiff, who was engaged in a similar business, and instructed him to take care of the halls. The plaintiff examined the hall floors and informed the defendant it would cost $450 unless it became necessary to use new material, in which event the cost would be $650. A few days after the discussion and before the plaintiff commenced work, the defendant went to Europe. The floors of the halls and the recreation room were of the same level. The plaintiff concluded that it would be necessary to raise the level of the hall floors from one to one and a quarter inches. Such an increase in height would elevate the hall floors from one to one and a quarter inches above the level of the recreation room floor. The plaintiff completed the work on the floors in both the halls and the recreation room at a cost of $1385. The Gondolas had withheld a final payment to the defendant of $553.85, and the defendant had agreed during his discussion with the Gondolas that

this amount be paid the plaintiff. The Gondolas paid the plaintiff this amount but had never agreed to pay any balance which might become due the plaintiff. As a result, the plaintiff claimed that $831.15 was due him.

The court concluded that the defendant hired the plaintiff to take care of the complaint and since the floors of the halls and the recreation room were originally of the same level it was necessary to do all of them to take care of the complaint. Further, the defendant either directly or indirectly authorized the plaintiff to do the halls and the recreation room, and the Gondolas at no time agreed to pay the plaintiff's bill. The court then concluded that the plaintiff was entitled to recover $831.15 from the defendant.

The defendant unsuccessfully sought to strike certain facts from the finding concerning his agreement with the Gondolas as it related to doing over the floor of the recreation room. The court found that the defendant had told Gondola to take care of the complaint and also to go ahead and correct the recreation room. Since the discussion by the plaintiff with the defendant related only to two hall floors, such findings, as they related to the recreation room floor, could only be derived from the testimony of Gondola. Mrs. Gondola, although present at the discussion between the defendant and her husband, was not, for reasons not apparent on the record, called as a witness. It is of crucial consequence to consider whether or not the evidence supports the findings, for they are essential to the plaintiff's recovery. It was admitted, and the court found, that the defendant and Gondola had discussed the floor situation and had arrived at an agreement. The extent of the agreement is best described by Gondola's answer to a question on

direct examination as follows: "Q.—What agreement did you have with him [the defendant]? A.— He would agree he would get Mr. Carlone to come up there and tend to the floor." Later, on cross-examination, Gondola testified as follows: "Q.— Then your understanding was that Mr. Verni was to pay for this whole thing, is that right? A.—I made an agreement. Q.—Is that right or wrong? A.—I don't know. The only agreement I made with Mr. Verni was that he was supposed to rectify his mistake to fix the floor by another man and I was to pay him the balance that I held back from paying him until he finished the floor properly."

Although a relationship creating agency need not arise from an express appointment and an acceptance but may be established from the words and conduct of the parties and the circumstances; *Kurtz* v. *Farrington,* 104 Conn. 257, 259; it is the plaintiff's burden to prove such facts as would warrant the court in finding that there was such a relationship. *L. C. Bates Co.* v. *Austin, Nichols & Co.,* 143 Conn. 392, 394. All the plaintiff proved was that the defendant expressly instructed him to do the halls, and further that in exceeding that instruction he had done so at the sole request of Gondola, who told him he had an agreement with the defendant. Even if Gondola and the defendant had an agreement concerning the floor, that agreement would not benefit the plaintiff in this action unless it could be shown that the defendant had in some manner created a relationship with Gondola by which Gondola was authorized by him to instruct the plaintiff to do the work. In its finding the court says: "The defendants Gondolas contacted the defendant Verni about the recreation room and Verni said to go ahead and have it corrected." The refusal of the court to strike this paragraph is made a ground of appeal. Our examination of the evidence has con-

vinced us that the court was in error in not making this correction, for there was no evidence that the defendant had given authority to Gondola to have the work done by the plaintiff. The effect of this correction so vitiates the court's conclusion, that is, that the defendant either directly or indirectly authorized the plaintiff to do the work in the recreation room, as to make that conclusion untenable.

The defendant further challenges the court's conclusion that "[t]he hall floors and the recreation room floor being one continuous floor, it was necessary to do both to take care of the complaint." The defendant contends that this conclusion is not supported by the facts found. In this respect the court found that to correct the defect in the halls it was necessary to raise the floor from one to one and a quarter inches and that the floors of the halls and the recreation room were continuous and this left a drop from the hall floor to the recreation room floor of one to one and a quarter inches. The court in arriving at this conclusion must have determined that the additional work on the recreation room floor arose by implication, since it found that the defendant had instructed the plaintiff to do only the two halls. "It is well established that whatever is necessary to be done in order to accomplish work specifically contracted to be performed, is parcel of the contract, though not specified." *Lawler* v. *Murphy,* 58 Conn. 294, 309. Ordinarily, however, an express stipulation cannot be varied by implication. 17 Am. Jur. 2d, Contracts, § 255. "The intent of the parties to a contract cannot be found by implication unless a contrary intention cannot be supposed or any other inference made. The implication must be a necessary one and quite as obvious from the terms of the contract as though the intent implied was expressed in fact." *Connecticut Co.* v. *Division 425,* 147 Conn. 608, 621, and cases cited. In applying the law laid

down in that case to the instant case, we think the court-erred in reaching its conclusion on the adjudicated facts. The subordinate facts do not lead irresistibly to the conclusion drawn, for a reasonable inference could be made that since the halls and recreation room were two separate areas it was not necessary in repairing the floors of one area to repair the floor of the other, even though such repair might be desirable and convenient. Such an inference is supported by the finding, for the court found that the defendant in contacting the plaintiff to take care of the complaint expressly stipulated that the plaintiff do only the halls and, further, that the plaintiff did not talk with the defendant about the recreation room as the defendant had left for Europe. The corrections sought, which we have considered and made, so materially vary the conditions governing the trial court's conclusions that a new trial must be ordered. *Botticelli* v. *Winters,* 125 Conn. 537, 541; *Swift & Co.* v. *Peoples Coal & Oil Co.,* 121 Conn. 579, 586; *Haugh* v. *Kirsch,* 105 Conn. 429, 432.

As it is necessary to send the case back for a new trial, we will consider briefly only two other assignments of error made by the defendant. The defendant asserts that there was a fatal variance in that the evidence relating to the purported agreement between the defendant and Gondola was of such a nature that it substantially departed from the issues set up in the pleadings. The complaint alleged that the plaintiff furnished, at the request of the defendants, labor and material in the removal of a slate flooring and the reinstallation of a new slate flooring at the home of the defendants, the Gondolas. The defendant filed a general denial. While the allegation might have been formulated with a more desirable precision, it was broad enough to permit recovery on one or more contracts, written, oral or implied, which could be reasonably shown to be within

the purview of the allegation. Any uncertainty which might be claimed because of the language used could have been properly raised by a motion for a more particular statement. Practice Book § 99; *Matysewski* v. *Wheeler,* 97 Conn. 593, 595. Furthermore, the record shows that the case was contested on its merits without objection or protest on the ground of any claims of variance, so that even if variance was involved the defendant could not now take advantage of it. Practice Book § 134 & n. ("Objections"); *Collins* v. *Erdmann,* 122 Conn. 626, 632; *Woodruff* v. *Perrotti,* 99 Conn. 639, 644. This assignment of error is not well founded.

The defendant further contends that agency cannot be proven by the declarations of the claimed agent and the court therefore could not consider any of Gondola's testimony relating to agency. "The authority of an agent cannot be proven by the declarations of the agent." *E. Paul Kovacs & Co.* v. *Blumgarten,* 150 Conn. 8, 13, and cases cited. But the direct testimony of an alleged agent made on the witness stand is admissible to prove the authority under which he claims to have acted. *Gesmundo* v. *Bush,* 133 Conn. 607, 612; *Milne* v. *MacWhirter,* 128 Conn. 683, 687; 2 Jones, Evidence (5th Ed.) § 355, p. 669; 3 Am. Jur. 2d, Agency, § 353. Included in the recital, however, was hearsay evidence which was inadmissible, but in the absence of objection it was in the case for whatever it may have been worth on its face. *Keeler* v. *Sears, Roebuck Co.,* 121 Conn. 56, 60. This claim is without merit.

There is error, the judgment is set aside and a new trial ordered.

In this opinion KOSICKI and JACOBS, Js., concurred.