EASTERN IMPORT-EXPORT, INC., a District of Columbia corporation, Appellant,

v.

William LIBBY et al., Appellees.

No. 6629.

District of Columbia Court of Appeals.

Argued Nov. 27, 1972.

Decided May 21, 1973.

Howard M. Rensin, Hyattsville, Md., for appellant.

Ricardo M. Urbina, Washington, D. C., for appellees.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment for the defendants as a result of a directed verdict in a suit involving an alleged breach of contract.

The complaint was grounded upon a contract between the plaintiff corporation (appellant), a fireworks wholesaler, and the Libbys. It also alleged that the defendants (Libbys) had failed to pay certain legal fees incurred by the corporation on the defendants' behalf and for which they were liable. The principal witness for the plaintiff was a Mr. Semel, an employee of the corporation.

Essentially, he testified that while he was sales manager he entered into a verbal agreement, on behalf of the corporation, with the Libbys whereby the corporation would introduce the Libbys to various locations available and desirable for fireworks stands to sell fireworks retail and would provide assistance on how to erect the stands and, if necessary, to aid with details "for the perfection of doing business." In return, said Mr. Semel, the Libbys were to buy exclusively from the corporation and, after all expenses were deducted, to share the profits with the corporation—⅓ for Russell Libby, ⅓ for Howard Libby and ⅓ for the corporation. He said this agreement with the Libbys was authorized by the treasurer of the corporation soon after the agreement was entered into with the Libbys.[1]

The only officer of the corporation to testify was a Mrs. Kane who testified she was then a vice-president of the company. She said she was unaware that, at the time alleged, an agreement had been entered into between the corporation and the Libbys.

At the conclusion of the plaintiff's case, the defendants Libby moved for a directed verdict, on the ground that appellant

---

1. This officer, Mr. Piccolo, did not testify at the trial. No objection was made to Mr. Semel's testimony on this score.

failed to establish that the alleged agreement between Mr. Semel and the Libbys was authorized by the corporation. The trial court granted the motion holding that "no agent can establish his agency with the principal by his own testimony alone." This was error.

■ It is correct to say that *out of court declarations* of an agent are not proof of his authority. Carlone v. Verni, 3 Conn.Cir. 210, 215, 210 A.2d 178, 181 (1965). Midland Credit Co. v. White, 175 Pa.Super. 314, 316, 104 A.2d 350, 352 (1954); Bregman Screen & Lumber Co. v. Bechefsky, 16 N.J.Super. 35, 38, 83 A.2d 804, 806 (1951); Milne v. MacWhirter, 128 Conn. 683, 686, 25 A.2d 659, 661 (1942). It is also true, however, that as a witness he may testify in court as to any facts relevant to show his agency just as any fact in issue may be proved by the evidence of any one having firsthand knowledge. *Id.* "A mere statement, made by an agent out of court, that he is the agent of another, is, of course, not evidential, but it is elementary that his agency may be proven by his own oath on the witness stand." Wilson v. Savino, 10 N.J. 11, 17, 89 A.2d 399, 402 (1952), *quoting* Leonard v. Standard Aero Corp., 95 N.J.L. 235, 237, 112 A. 252, 253 (E. & A. 1920).

■ Appellees argue, alternatively, that as a matter of law a corporation cannot enter into a partnership with an individual. We do not think corporations are precluded from entering into partnership agreements in every instance. Cush v. Allen, 56 App.D.C. 327, 13 F.2d 299 (1926); W. Fletcher, Private Corporations § 2520 (perm. ed. rev. 1968); Annot., 60 A.L.R.2d 917 (1958); Model Business Corporation Act Ann. § 4(p) (1971). We are unable to determine on the basis of this record, however, whether a partnership, a joint venture, or any agreement whatsoever existed among the parties. Without the necessary factual findings we do not reach this issue.

Reversed and remanded for a new trial.

